UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14052-CV-MARRA
MAGISTRATE JUDGE REID

ADRIAN "MU-MIT" PEREZ,

    Plaintiff,

v.

S. POOLE, *et al.,*

    Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE
## RE CIVIL RIGHTS AMENDED COMPLAINT - 42 U.S.C. § 1983
### [ECF No. 10]

### I. Introduction

Plaintiff, **Adrian "Mu-Mit" Perez,** a convicted felon, has filed a *pro se* amended civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging claims of excessive use of force, deliberate indifference to serious medical needs, supervisory liability, due process violation, and verbal threats. [ECF No. 10]. He sues the following Defendants: Sergeant S. Poole ("Sgt. Poole"), Warden Robert Bryner ("Warden Bryner"), Classification Officer Kibler ("C/O Kibler"), and Nurse Taeger, all employees of Martin Correctional Institution ("Martin CI"). [*Id.* at 1-2]. He

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-02.

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

## II. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2018)(per curiam).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(citing *Waldman v. Conway*, 871

F.3d 1283, 1289 (11th Cir. 2017)(per curiam). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court may also not construct a litigant's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never

squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, however, a *pro se* pleadings "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Discussion

### A. Unlawful Use of Force

Plaintiff asserts that a verbal exchange occurred on December 4, 2019, as he was being escorted by Sgt. Poole to medical for a pre-confinement examination. [ECF No. 10 at 15]. Plaintiff alleges that during this transport, Sgt. Poole called him a "pussy" and a "wetback." [ECF No. 10 at 16 at ¶ 13]. He then states Sgt. Poole slammed him to the ground, stomping his left knee and lower back. [*Id.* at 16 at ¶¶ 14-15]. Next, Plaintiff alleges Sgt. Poole lifted him off the ground, and with a closed fist, began striking him in his leg and ribs. [*Id.* at ¶ 16]. Plaintiff claims he was then rammed up against a wall, and while hand-cuffed, Sgt. Poole continued repeatedly beating him with a closed fist. [*Id.* at ¶ 18]. Plaintiff maintains that he suffered a left rib dislocation, inflamed left leg, and severe pain as a result of the beating. [*Id.* at ¶ 21].

Because Plaintiff was a convicted felon at the time of the incident, this claim is governed by the Eighth Amendment to the U.S. Constitution which "governs

prison officials' use of force against convicted inmates." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). "Under the Eighth Amendment, force is legitimate in a custodial setting as long as it is 'applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm.'" *Stallworth v. Tyson,* 578 F. App'x 948, 953 (11th Cir. 2014)(per curiam); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)(citations omitted).

Factors to consider when determining whether the use of force was "malicious" or "sadistic"" include: "'(1) the extent of the injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.'" *Stallworth v. Tyson,* 578 F. App'x at 953(citing *Campbell v. Sikes,* 169 F.3d at 1375). The court gives "'deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance.'" *Stallworth v. Tyson*, 578 F. App'x at 953 (quoting *Fennell v. Gilstrap,* 559 F.3d 1212, 1217 (11th Cir. 2009)(per curiam). The "focus of the Eighth Amendment inquiry is on the nature of the force applied, rather than the extent of injury inflicted." *Stallworth v. Tyson, supra.* (citing *Wilkins v. Gaddy,* 559 U.S. 34, 39 (2010)).

Plaintiff has alleged a minimal claim arising from the unlawful use of force by Sgt. Poole. He maintains that Sgt. Poole unlawfully beat him, for no apparent reason, and while he was in handcuffs. Given the nature of the claim and the fact that Plaintiff claims to have sustained serious injury to the back of his leg and rib because of the unwarranted use of unlawful force, the claim of unlawful use of force against Sgt. Poole should proceed.

### B. Deliberate Indifference Serious Medical Needs

Plaintiff alleges that in November 2019 he told Warden Bryner that he suffers from thrombosis, muscle spasms, inflammation, and soreness behind his left knee. [ECF No. 10 at 17 at ¶ 28]. He advised Warden Bryner he had made three prior sick call requests all of which were ignored. [*Id.*]. In response to Plaintiff's medical emergency, Warden Bryner told him to "write it up." [*Id.*]. Plaintiff also alleges that, in December 12, 2019, during a weekly inspection, he declared another medical emergency, showing Warden Bryner his bruises, the swelling behind his left knee, and dislocated rib. [*Id.* at 17-18 ¶¶ 31-32, 34]. In response Warden Bryner did nothing, walking away from the Plaintiff. [*Id.*].

He also alleges Nurse Taeger conducted a pre-confinement check on December 4, 2019, at which time Plaintiff explained he had placed three prior sick call requests regarding his thrombosis, but the requests were ignored and he had not been seen or provided with any medical care. [*Id.* at ¶ 35]. He advised Nurse Taeger

he was suffering from severe pain and his left knee was inflamed. [*Id.* at ¶ 36]. He alleges Nurse Taeger refused to examine his leg, telling him to "write it up." [*Id.* at ¶ 37]. He further alleges that later that evening, while Nurse Taeger was doing rounds, he declared a medical emergency, advising her he was in pain, showed her his dislocated rib, swelling, and bruising, and asked her to request his "tephose" from property. [*Id.* at 18-19 at ¶¶ 39-40]. According to the Plaintiff, Nurse Taeger advised him that they do not treat "wetbacks" and does not give a "fuck" about him. [*Id.* at 19 at ¶ 41].

On December 12, 2019, Plaintiff alleges he declared another medical emergency during Nurse Taeger's evening rounds, but she refused to examine him, claiming she did not give a "fuck" about his leg. [*Id.* at 19 at ¶¶ 44-45].

1. <u>Applicable Law Re Deliberate Indifference</u>

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).

To prevail on an Eighth Amendment deliberate indifference claim, the Plaintiff must demonstrate: (1) an objective component by showing he has a serious medical need; and, (2) a subjective component, by showing the prison official acted

with deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306-07 (11th Cir. 2009); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Negligence in diagnosing or treating a medical condition, including "an inadvertent failure to provide adequate medical care," does not state a valid claim for deliberate indifference. *See Estelle v. Gamble*, 429 U.S. at 105-06.

The Eleventh Circuit has instructed that, claims based on a delay in medical care, courts should consider "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee Cty.,* 510 F.3d 1312, 1327 (11th Cir. 2007). In order for a delay in medical treatment to rise to the level of a constitutional violation, the Plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. . .." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1188 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).

2. <u>Analysis</u>

### a. *Objective Component - Serious Medical Need*

The plaintiff has alleged that he suffered from severe pain resulting from a dislocated rib, inflammation to the back of his left leg, and thrombosis, all of which he claims required medical treatment. The plaintiff does not dispute that he was seen

in the infirmary for a pre-confinement check, but claims he has previously been denied medical treatment and continued to be denied medical treatment by Warden Bryner and Nurse Taeger.

The objective component of a deliberate indifference claim requires the Plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992). "[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Center,* 40 F.3d 1176, 1187 (1994)(citations omitted), *overruled in part on other grounds, Hope v. Pelzer,* 536 U.S. 730, 739 n.9 (2002); *Andujar v. Rodriguez,* 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003)(quotation marks and citations omitted).

Construing the allegations liberally, Plaintiff has alleged that he suffered a dislocated rib, swelling behind his left knee, bruising, and thrombosis, following the unlawful use of force by Sgt. Poole. These conditions, which require medical treatment, are objectively serious medical needs. *See Goebert v. Lee County,* 510 F.3d 1312, 1326 (11th Cir. 2007)(stating that a medical need satisfies the objective

component if it "has been diagnosed by a physician as mandating treatment."). Also, the Eleventh Circuit has determined "a variety of medical needs as serious medical needs," including "broken bones and bleeding cuts," and "severe pain that is not promptly or adequately treated." *See Melton v. Abston,* 841 F.3d 1207, 1222 (11th Cir. 2016)(citations omitted).

As applied, Plaintiff has alleged sufficient facts from which a jury could conclude that he suffered from a serious medical need which required treatment, including the dislocated rib, inflammation to his left leg, severe pain, and thrombosis. Therefore, he has satisfied the objective component of a deliberate indifference claim.

### b. *Subjective Component*

Next, it must be determined whether the Plaintiff has satisfied the subjective component of a deliberate indifference claim, which requires: "(1) a subjective knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. *Hill v. Dekalb Reg'l Youth Det. Center,* 40 F.3d at 1190 n. 26; *H. C. by Hewett v. Jarrad*, 786 F.2d 1080, 1086 (11th Cir. 1986)(citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985)).

Plaintiff has alleged sufficient facts to satisfy the subject component of a deliberate indifference claim as to Warden Bryner and Nurse Taeger, claiming both disregarded his requests.

3. Conclusion

In light of the above, Plaintiff has demonstrated that Nurse Taeger and Warden Bryner were deliberate indifferent to his serious medical needs. As such, the claim should proceed against these two defendants in their individual capacities.

### C. Supervisory Liability

Plaintiff also sues Warden Bryner in his official capacity. [ECF No. 10 at 20 ¶¶46-49]. He maintains that Warden Bryner was aware Plaintiff was being denied much needed medical care and did nothing to correct the constitutional violations of his subordinates. [*Id.*].

1. Applicable Law

It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *Barr v. Gee,* 437 F. App'x 865, 875 (11th Cir. 2011) (quoting *West v. Tillman,* 496 F.3d 1321, 1328 (11th Cir. 2007)). A supervisor, like Warden Bryner, can only be held liable under § 1983 if he personally participated in the "allegedly unconstitutional conduct or if there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *West v. Tillman,* 496 F.3d at

1328 (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003)(quotations omitted)).

To state supervisory liability claim, the plaintiff must allege: (1) the personal involvement of the supervisor in the violation of the plaintiff's constitutional rights, (2) the existence of either a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts that support an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged constitutional deprivation that he then failed to correct. *See West,* 496 F.3d at 1328–29 (listing factors in context of summary judgment).

However, a supervisor is not liable under § 1983 for mere negligence in the training or supervision of his employees. *Greason v. Kemp,* 891 F.2d 829, 836–37 (11th Cir. 1990).

2. <u>Analysis</u>

Plaintiff fails to state a claim of supervisory liability against Warden Bryner. Plaintiff has alleged that Warden Bryner engaged in the denial of his much needed medical care. However, Plaintiff has not alleged facts that Warden Bryner supervised Nurse Taeger's unlawful actions, much less failed to prevent it. Nor are there any facts that would suggest the existence of a custom, policy, or practice that resulted in the violation of Plaintiff's constitutional rights. Finally, there is no

allegation of a history of widespread abuse that put Warden Bryner on notice of any alleged constitutional deprivations at Martin CI. Therefore, the supervisory claim against Warden Bryner should be dismissed because it fails to state a claim upon which relief can be granted.

### D. Due Process Claim

Next, Plaintiff sues C/O Kibler, claiming she ordered the "hit" on Plaintiff after he admitted to possessing a cell phone because his admission "hindered the process of transfering (sic) an inmate that they were trying to get off the compound." [ECF No. 10 at 16 at ¶ 22; at 21 at ¶ 53]. Plaintiff alleges that C/O Kibler threatened to have him beaten again or stabbed if he "ran his mouth." [*Id.* at 17 ¶ 23].

To the extent that Plaintiff is attempting to bring a procedural due process claim against C/O Kibler asserting that the prison grievances were not handled properly by C/O Kibler, such allegations fails to state a claim upon which relief can be granted.

The Eleventh Circuit Court of Appeals has made clear that "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin,* 178 F. App'x 876, 878 (11th Cir. 2006). Thus, a prison official's failure to timely process or otherwise respond to a grievance is not actionable under § 1983. Plaintiff's claim is no model of clarity, and is bereft of sufficient facts to support a due process violation. *See Buckley v. Barlow,* 997 F.2d

494, 495 (8th Cir. 1993). Thus, the due process claim against C/O Kibler should also be dismissed for failure to state a claim upon which relief can be granted.

### E. Verbal Threats

Next, Plaintiff suggests that C/O Kibler's threat to have him beaten again if he "ran his mouth" violated his constitutional rights. [ECF No. 10 at 17 at ¶ 23].

In general, courts have held that verbal harassment, abuse, or taunting is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Edwards v. Gilbert,* 867 F.2d 1271, 1274 n. 1 (11th Cir.1989) (noting that verbal taunts, alone, are insufficient to state a constitutional violation); *Hernandez v. Florida Dep't of Corr.,* 281 F. Appx. 862, 866 (11th Cir.2008) (holding that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats, and "verbal abuse alone is insufficient to state a constitutional claim"). Consequently, as alleged, the allegation against C/O Kibler fails to state a constitutional claim upon which relief can be granted.

### F. Punitive Damages Claim

Plaintiff seeks punitive damages. [ECF 10 at 6]. Punitive damages may be awarded under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). "While

the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, ... its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n,* 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." *Smith,* 461 U.S. at 45-48 (quoting *Philadelphia, W. & B.R. Co. v. Quigley,* 62 U.S. 202, 214 (1858)). At this early juncture, since it cannot be determined whether punitive damages should be awarded against Sgt. Poole, Warden Bryner, or Nurse Taeger arising from the facts alleged, the punitive damage claim should proceed as to these named defendants.

## IV. Recommendations

Based upon the foregoing, it is recommended that:

1. The unlawful use of force claim should proceed against Sgt. Poole;

2. The deliberate indifference to a serious medical need claim should proceed against Warden Bryner and Nurse Taeger;

3. The supervisory liability claim against Warden Bryner should be dismissed for failure to state a claim upon which relief can be granted;

4. The due process claim and verbal threats claim against Classification Officer Kibler be dismissed for failure to state claims upon which relief can be granted; and,

5. The punitive damages claim proceed against Sgt. Poole, Warden Bryner, and Nurse Taeger.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 27th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Adrian Perez, *Pro Se*
      DC#Y51373
      Martin Correctional Institution
      Inmate Mail/Parcels
      1150 SW Allapattah Road
      Indiantown, FL 34956