UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-14052-CV-MARRA
MAGISTRATE JUDGE REID

ADRIAN "MU-MIT" PEREZ,

    Plaintiff,

v.

SGT. S. POOLE, et al,

    Defendants.
_____/

**DEFENDANTS' SGT. STEVEN POOLE AND WARDEN ROBERT BRYNER MOTION TO DISMISS COMPLAINT**

Defendants, SGT. STEVEN POOLE ("Sgt. Poole") WARDEN ROBERT BRYNER ("Warden Bryner", by and through their undersigned attorney, pursuant to Rule 12(b), Fed. R. Civ. P., hereby moves to dismiss the complaint filed by Plaintiff, ADRIAN "MU-MIT" PEREZ ("Plaintiff"), and states as follows:

1. On February 18, 2020 Plaintiff files its initial Complaint [DE 1] and then an Amended Complaint on February 28, 2020 [DE 10] against several defendants, including the above named three.

2. After initial review by the Honorable Magistrate Reid, it was recommended the excessive force claim against Sgt. Poole for alleged force used while Plaintiff was being taken to pre-confinement and deliberate indifference to a serious medical need claims against

    Warden Bryner proceed, in their individual capacity when Plaintiff verbally stated he was in pain, bruised and swollen, and was so ordered by the Court. [DE 18].

3. Plaintiff at the time in question was being taken to confinement for a disciplinary matter and was suffering from deep vein thrombosis, a pre-existing medical condition.

4. Plaintiff was seen by medical staff several times for medication and check-ups after this alleged incident with Sgt. Poole.

## MEMORANDUM OF LAW

### I. Rule 12(b)(6) Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well- pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, the Court need not accept unsupported conclusions of law, or of mixed law and fact, in a complaint. *Marsh v. Butler County. Ala.*, 268 F.3d 1014, 1036 (11th Cir. 2001).

Dismissal for failure to state a claim is appropriate if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555; *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

Further, with respect to § 1983 cases that involve individuals entitled to insert qualified immunity; the Eleventh Circuit imposes "heightened pleading requirements." *Swann v. Southern*

*Health Partners, Inc.*, 388 F.3d 834, 836-838 (11th Cir. 2004)(citing *Leatherman v. Tarrant County*, 507 U.S. 163 (1993)). This heightened pleading standard requires a plaintiff to allege the facts supporting a § 1983 claim with specificity. *See Enriquez v. Florida Department of Corrections*, 2008 WL 731027 (Fla. M.D. 2008). Dismissal must be granted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## II. Deliberate Indifference to Medical Needs Claim Against Warden Bryner

To state a claim under 42 U.S.C. §1983 for failure to provide adequate medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a plaintiff must allege facts which demonstrate a "deliberate indifference to serious medical needs of prisoners." *See Estelle v. Gamble*, 429 U.S. 97 (1976), *Farmer v. Brennan*, 511 U.S. 825 (1994), *Freeman v. Lebedovych*, 186 Fed. Appx. 943 (11th Cir. 2006).

The Supreme Court in *Estelle* established that medical malpractice or mere negligence by a medical provider is not enough to make a claim for deliberate indifference. *See Estelle*, 429 U.S. at 105. The standard for deliberate indifference set in *Estelle* was expounded upon in *Farmer* adding a knowledge requirement. In *Farmer*, the Supreme Court established that evidence must support a conclusion that a medical provider's acts were intentional. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. *Farmer* creates a standard that is akin to tort theory.

The Supreme Court between *Estelle*, *Farmer*, and later Eleventh Circuit cases have created a three prong test in order for a plaintiff to establish a prima facie case of deliberate indifference under 42 U.S.C. §1983 for failure to provide adequate medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Goebert v. Lee*

*County*, 510 F.3d 1312, 1326 (11th Cir. 2007). The plaintiff must: 1) satisfy the objective component by showing that he had a serious medical need; 2) satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] medical need; and 3) show that the injury was caused by the defendant's wrongful conduct. *Id*. Under the objective prong, a medical need is serious if it has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention. *Id.* at 1326. Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscious or to be intolerable to fundamental fairness. *See Harris v. Thigpen*, 941 F.2d 1495,1505(11th. Cir. 1991).

To establish an objectively serious deprivation of medical care, a plaintiff must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm," *Farmer*, 511 U.S. at 834, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Hill v. DeKalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994). The seriousness of the deprivation of that need is measured by the detrimental effect that the deprivation brought upon the person. *Id.* at 1188-89. "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id*. at 1188.

As for the subjective component, the Eleventh Circuit has consistently required that a defendant know of and disregard an excessive risk to inmate's health and safety. *Haney v. City of Cumming*, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, a plaintiff must prove three things: (1) the subjective knowledge of risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. *Goebert*, 510F.3d at 1327. An inadvertent or negligent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. *Estelle*, 429 U.S. at 105.

Courts should grant a motion to dismiss under Federal Rule 12(b)(6) when a Plaintiff has failed to allege facts sufficient to support a viable claim for relief under U.S.C. § 1983 for denial of medical treatment for a serious medical need. *See Small v. McDonough*, 2008 WL 2359899 *6 (N.D. Fla. 2008); *See also Demm v. Charlotte County Jail Admin. & Staff*, 2007 WL 57772 *2 (M.D. Fla. 2007) (granting motion to dismiss for defendants because allegations in Plaintiff's Amended Complaint fail to allege conduct that give rise to a constitutional violation). In *Small*, the court dismissed the plaintiffs claim for failing to allege facts to state an Eighth Amendment claim against the defendants. *Id*. The court stated that the first requirement is the objective component of the Eighth Amendment analysis, which requires "conduct by public officials sufficiently serious to constitute cruel and unusual deprivation-one denying the minimal civilized measure of life's necessities." *Id*. at *3. The court then stated that the second requirement, the subjective component of the Eighth Amendment analysis requires conduct that is more than a medical judgment call or inadvertent failure to provide adequate medical care. *Id*. at *5. The court found after reviewing the facts presented by Plaintiff's Complaint, that the Plaintiff had

failed to plead facts enough to support a claim under § 1983, and therefore dismissed the Amended Complaint.

In the case at bar, the Plaintiff has alleged that Warden Bryner acted with deliberate indifference to serious medical needs by ignoring his verbal complaints of pain, swelling, and bruising. As to the, objective element Plaintiff has failed to show these complaints that he made on several occasions was a serious medical need. *Young v. United States*, No. 5:13-CV-609-OC-29PRL, 2015 WL 7759439, at *8 (M.D. Fla. Dec. 2, 2015) ( stating "[p]laintiff allegedly told no less than five medical professionals about his forehead lump on different occasions, yet every medical professional declined to order treatment (or indeed in four cases, to even note the lump in the medical record), the seriousness of the lump could not have been 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'") (citing Hill, 40 F.3d at 1187). Moreover, other courts have routinely found that such an injury does not present an Eighth Amendment serious medical need. *See Brock v. Sparkman*, 101 F. App'x 430, 431 (5th Cir. 2004) (prisoner who had bumps and bruises from hitting his head on the top bunk did not show cognizable injury); *Trejo v. Gomez*, No. C–92–4484 EFL, 1996 WL 506910 (N.D. Cal. Aug.16, 1996) (bruises and contusions not a serious medical need); *Benitez v. Locastro*, No. 9:04–CV–423, 2010 WL 419999, at *7 (N.D.N.Y. Jan.29, 2010) (bruises and a laceration not serious medical conditions); *Willacy v. County of Brevard*, No. 04–cv–1666– Orl–18DAB, 2007 WL 1017657, at *9 (M.D. Fla. Mar. 30, 2007) (inmate who alleged that he suffered numerous lacerations, contusions, bruising and burning sensation in his eyes after being attacked by another inmate, failed to assert a serious medical need); *Jones v. Furman*, Case No. 02-cv-939F, 2007 WL 894218, at *10 (W.D.N.Y. Mar. 21, 2007) (injuries, including soreness, pain in and a lump behind his right ear, lump on the back of his head, small abrasions on his nose

and knuckle, and bruising to his back, ribs and legs, did not constitute the requisite serious medical condition necessary to establish an Eight Amendment deliberate indifference claim); *Goldston v. Albany County Sheriff Dep't*, 2006 WL 2595194, at *7 (N.D.N.Y. Sept. 11, 2006) ("lumps, bumps, bruises, scratches, minor cuts and temporary pains...are not, when considered either alone or together, sufficiently serious for constitutional purposes").

Plaintiff additionally was seen regularly by his own admission, stating that Warden Bryner had multiple contacts with him. Plaintiff states he spoke with Warden Bryner on two occasions and was told to "write it up" in order to get medical assistance if necessary. [DE 10 pp. 17].[1] Plaintiff further admits that seeing medical staff on multiple occasions for medications and confinement medical checks. [DE 10 p. 18]. The fact that Plaintiff received some medical care generally undermines any constitutional claim. *See Estelle,* 429 U.S. at 106-07 (holding that prisoner who had received some medical treatment but contended that he should have received more diagnosis and treatment did not state a claim for deliberate indifference); *Taylor,* 221 F.3d at 1258-59 (reversing denial of summary judgment and holding that actions of prison nurse who refused to examine plaintiff were not "objectively inadequate" even if she "violated professional standards," because "she did order that some medical care be provided").

The law of deliberate indifference has long distinguished between cases that allege "a complete denial of medical care" and cases, such as this one, that allege "inadequate medical treatment". Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments *Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976), *cited with approval in Harris,* 941 F.2d at 1507. "It is not required that the medical care provided to a prisoner be

---

[1] It is assumed "write it up" refers to writing a "sick call" on forms which were available from security for Plaintiff to complete for medical attention, which he was informed of again during the grievance process. [DE 10 p. 27]

perfect, the best obtainable, or even very good." *Brown v. Beck,* 481 F. Supp. 723, 726 (S.D. Ga. 1980) (holding that prison's failure to provide surgery to cover a hole in inmate's skull did not rise to the level of deliberate indifference), *cited with approval in Harris,* 941 F.2d at 1510.

As to the subjective element, the Complaint only shows that Warden Bryner knew of alleged pain, bruising and swelling [DE 10, p. 18]. He was not "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," *Farmer,* 511 U.S. at 837, or that in fact Warden Bryner drew the inference either. *Id*. The Complaint does not allege that Warden Bryner should have been aware of a serious medical condition that Plaintiff was not already being treated for. The subjective inquiry should focus on if [the defendant] should have perceived but did not." *Presley v. City of Blackshear*, 650 F. Supp. 2d 1307, 1315 (S.D. Ga. 2008), aff'd, 340 F. App'x 567 (11th Cir. 2009). There is no allegation that Warden Bryner actually perceived the medical need. *See id*. Plaintiff has failed to allege that Warden Bryner had the requisite subjective knowledge of a risk so as to be able to be deliberately indifference to such risk. As such the claim of deliberate indifference to serious medical needs against Warden Bryner should be dismissed with prejudice.

**III. Qualified Immunity as to Sgt. Poole and Warden Bryner**

Qualified Immunity shields government officials performing discretionary functions from civil litigation and damage liability, where "their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 US 730 (2002); *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (citing *Harlow v. Fitzgerald* 457 U.S. 800 (1982)). The purpose of this immunity is to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is

knowingly violating the Federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). Pursuant to well established case law in this Circuit, qualified immunity is the rule rather than the exception. *Lassiter v. Alabama A & M University*, 28 F.3d 1146 (11th Cir 1994) (en banc).

Given the fact that the issue of qualified immunity should be resolved at the earliest stage of the litigation so that government actors do not unnecessarily face the burdens of litigation, the defense is available at the pleadings stage and, consequently, is the appropriate subject for a review pursuant to a 12(b) (6) Motion. *Marsh*, 258 F.3d at 1014; *see also Chesser v. Sparks*, 248 F.3d 1117 (11th Cir. 2001) (quoting *Williams v. Alabama State University*, 102 F.3d 1179, 1182 (11th Cir. 1997). As the Eleventh Circuit stated in *Marsh*, "once the affirmative defense of qualified immunity is advanced, the allegations of the complaint takes on great importance in a lawsuit." *Id*. at 1022. Therefore, when such 1983 claims are asserted against individual defendants, the allegations must go beyond typical notice pleadings and meet a heightened pleading standard. *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *GJR Investments v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).

In examining the factual allegations of the Complaint, courts must keep in mind the heightened pleading requirements of civil rights cases, especially those involving the defense of qualified immunity. *Dalrymple v. Reno*, 334 F.3d 1991 (11th Cir. 2003). The complaint must allege the relevant facts "with some specificity." *Id*. More than mere conclusory notice pleading is required. A complaint will be dismissed as insufficient where the allegations are vague and conclusory. *Id*. Moreover, in reviewing a motion to dismiss, courts need only accept well pleaded facts and reasonable inferences drawn from those facts. *Id*. Courts generally accord official conduct a presumption of legitimacy. *Id*. Furthermore, as set forth in *Marsh*, the complaint is

subject to dismissal under Rule 12(b)(6) when the allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh*, 258 F.3d at 1022. "Once the affirmative defense of qualified immunity is advanced...unless violation of clearly established law of which a reasonable person would have known, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Absent such allegations, "it is...appropriate for the District Court to grant the defense of qualified immunity at the motion to dismiss stage." *Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003); *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003). In the present case Plaintiff has failed to show with specificity how the discretionary duties of Sergeant Poole, Warden Bryner violated clearly established statutory or constitutional rights of which a reasonable person would have known. Sergeant Poole was engaged in his duties escorting the Plaintiff to confinement while Plaintiff was talking back argumentatively. As for Warden Bryner, the facts alleged in the complaint show that the Plaintiff told Warden Bryner of an alleged medical issue, as the Warden is not medical staff he rightfully told him to write it up in order to get medical attention and the Warden did nothing to hinder medical aid   As such all claims against them should be dismissed with prejudice.

**IV. Excessive Force Against Sergeant Poole**

Plaintiff also claims that his encounter with Sergeant Poole, when he was taken to confinement for a disciplinary issue, aggravated a pre-existing condition. Under the Eighth Amendment, the use of force in a custodial setting is legitimate when it is applied in good faith to maintain discipline and is not applied maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6(1992). In determining whether force was applied maliciously and sadistically, [the Court looks] to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any

efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates …" *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir.1999) (quotations omitted). However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 112 U.S. at 1000; *McKinney v. Sheriff*, 520 F. App'x 903, 905 (11th Cir. 2013).

In considering these factors, the Court gives "a wide range of deference to prison officials acting to preserve discipline and security" *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007). "The determination must not be made in the glow of hindsight. Instead, the relevant inquiry is whether the decision by the government official was egregious, that is, conscience-shocking, at the time the official made the decision." *Stanfill v. Talton*, 851 F. Supp. 2d 1346, 1370 - 71 (M.D. Ga. 2012) (citing *Griffin v. Troy State Univ.*, 128 F.App'x 739, 742 (11th Cir. 2005)). To prevail on Plaintiff's Fourteenth Amendment excessive force claims, Plaintiffs must show that the officials' conduct "shocks the conscience." *Lumley v. City of Dade City, Florida*, 327 F.3d 1186, 1196 (11th Cir.2003). To meet this standard, the conduct must "offend even hardened sensibilities" and will be only the "most egregious official conduct." *Carr v. Tatangelo*, 338 F.3d 1259, 1271 (11th Cir.2003). The aggravation of a preexisting condition would meet this standard. *See Rodriguez v. Farrell*, 280 F.3d 1341, 1353 (11th Cir. 2002) ("What would ordinarily be considered reasonable force does not become excessive force when the force aggravates (however severely) a pre-existing condition the extent of which was unknown to the officer at the time."). There is no egg-shell-plaintiff rule in this context. *Id.*

Finally, even if the force applied was objectively unlawful, this result was not "clearly established" at the time. "The Supreme Court has emphasized that there is no precise test or

magical on/off switch to determine when an officer is justified in using … force." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1166 (11th Cir. 2009). Only when an officer's conduct is "clearly excessive" does the door to qualified immunity slam shut. *Kirkland v. Mosaic Fertilizer, LLC*, , 2015 WL 4042100, at *6 (M.D. Fla. July 1, 2015).

As apparent from the case law above, The Eleventh Circuit has granted qualified immunity to officers using much more force, including deadly force, than at issue here. Plaintiff has merely stated that his deep vein thrombosis was exacerbated by Sergeant Poole [DE 10, p. 16, para. 17], when the Sergeant was directing Plaintiff to confinement for a disciplinary issue. [DE 10, p. 15]. Additionally, Plaintiff complained of the same issues of pain and swelling prior to the alleged incident with Sgt. Poole. [DE 10, p. 17, para. 27], further providing no link to the alleged force used on the Plaintiff. The strict standard to present facts regarding the use of force has not been satisfied by this claim as should be dismissed with prejudice on the merits and based on qualified immunity as well.

### V. Conclusion

For all the reasons expressed above, the Defendants respectfully request that the Court grant this motion and dismiss Plaintiff's amended complaint as Plaintiff has failed to meet the burden of providing the specific facts as required. Defendants did not violate the Constitution. Accordingly, Defendants respectfully request that this Court enter summary judgment in their favor as to each of Plaintiff's claims.

ASHLEY BROOKE MOODY
ATTORNEY GENERAL


/s/ Armand Murach_____

        ARMAND MURACH
Assistant Attorney General
Fla. Bar No: 105415
OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, Florida 33301
Telephone:    954-712-4600
Facsimile:    954-527-3702
Armand.Murach@myfloridalegal.com
Attorney for Defendants Warden Robert Bryner
and Sergeant Steven Poodle.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

/s/ Armand Murach
Armand Murach
Assistant Attorney General

## SERVICE LIST

Adrian "Mu-Mit" Perez v. Sgt. S. Poole, et al
CASE NO: 20-14052-CV-MARRA
United States District Court, Southern District of Florida

Adrian Perez, DC# Y51373
1150 SW Allapattah Road,
Indiantown, Florida 34956
(Pro Se Plaintiff)
Served by U.S. Mail