UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14052-CV-MARRA

ADRIAN "MU-MIT" PEREZ,
    Plaintiff,

v.

S. POOLE, *et al.*,

    Defendants.
_____/

## **ORDER ON MOTION TO DISMISS**
### [ECF No. 27]

**THIS CAUSE** is before the court on the Motion to Dismiss filed by Sgt. Steven Poole and Warden Robert Bryner. [ECF No. 27]. Poole and Bryner argue that the complaint fails to state a claim upon which relief can be granted. Plaintiff has filed a response to which the two Defendants have replied. [ECF Nos. 30, 31]. Defendant Nurse Stephanie Taeger has filed an answer [ECF No. 26] but has not joined in the motion to dismiss.

The Court has previously screened the Amended Complaint and found Plaintiff had alleged facts sufficient to support a claim of excessive force against Defendant Poole and a claim of deliberate indifference to a serious medical need against Defendant Bryner and Defendant Nurse Taeger.

### I.  **Rules Governing Motions to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide a short and plain statement of the claim demonstrating that the plaintiff is entitled to relief. *See Mathews v. Paynter,* 752 Fec. Appx. 740, 742 (11th Cir. 2018). The complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Watts v. FIU,* 495 F.3d 1289 (11th

- 1 -

Cir. 2007); *Bell Atlantic Corp. v. Twombly,* 550, U.S. 544, 570 (2007). A claim is plausible on its face if the facts alleged permit the court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009). Although conclusory allegations and "unwarranted deductions of fact are not admitted as true in a motion to dismiss," *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996), the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

A defendant may move to dismiss a complaint where the plaintiff fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legality of a plaintiff's claim, and the court construes all allegations, as set forth in a plaintiff's complaint, as amended, as true, and resolves all inferences in favor of the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). This is the same test applied by the Court in the initial screening of the amended complaint as required under 28 U.S.C. § 1915.

## II. Discussion

### A. Unlawful Use of Force

Plaintiff asserts that a verbal exchange occurred on December 4, 2019, as he was being escorted by Sgt. Poole to medical for a pre-confinement examination. [ECF No. 10 at 15]. Plaintiff alleges that during this transport, Sgt. Poole called him a "pussy" and a "wetback." [ECF No. 10 at 16 at ¶ 13]. He then states Sgt. Poole slammed him to the ground, stomping his left knee and lower back. [*Id*. at 16 at ¶¶ 14-15]. Next, Plaintiff alleges Sgt. Poole lifted him off the ground, and with a closed fist, began striking him in his leg and ribs. [*Id*. at ¶ 16]. Plaintiff claims he was then

rammed up against a wall, and while hand-cuffed, Sgt. Poole continued repeatedly beating him with a closed fist. [*Id*. at ¶ 18]. Plaintiff maintains that he suffered a left rib dislocation, inflamed left leg, and severe pain as a result of the beating. [*Id*. at ¶ 21].

Because Plaintiff was a convicted felon at the time of the incident, this claim is governed by the Eighth Amendment to the U.S. Constitution which "governs prison officials' use of force against convicted inmates." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). "Under the Eighth Amendment, force is legitimate in a custodial setting as long as it is 'applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm.'" *Stallworth v. Tyson*, 578 F. App'x 948, 953 (11th Cir. 2014)(per curiam); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)(citations omitted).

Factors to consider when determining whether the use of force was "malicious" or "sadistic" include: "'(1) the extent of the injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.'" *Stallworth* at 953(citing *Campbell* 169 F.3d at 1375). The court gives "'deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance.'" *Stallworth* 578 F. App'x at 953 (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)(per curiam). The "focus of the Eighth Amendment inquiry is on the nature of the force applied, rather than the extent of injury inflicted." *Stallworth* at 953 (citing *Wilkins* at 39.

Poole contends that he is entitled to qualified immunity. He contends that Plaintiff has failed to allege with specificity how he violated Plaintiff's constitutional rights. He argues that

Plaintiff has merely alleged that he suffered exacerbation to a preexisting condition, namely deep vein thrombosis. According to Poole the aggravation of a preexisting condition of which he was not aware is insufficient to rise to the level of excessive force and therefore Plaintiff has failed to state a claim upon which relief can be granted.

Contrary to Poole's contention, Plaintiff has alleged more than merely the aggravation of his deep vein thrombosis. He has alleged that while he was handcuffed, Poole "slammed him to the ground," "rammed him against the wall" and beat him with closed fists. Plaintiff alleges that he suffered a dislocated rib, bruising and suffered severe pain for several weeks. Plaintiff has also alleged that at the time Poole applied this force he was not a threat to staff or other inmates.

As was previously found, Plaintiff has alleged a *prima facie* claim arising from the unlawful use of force by Sgt. Poole. He maintains that Sgt. Poole unlawfully beat him, for no apparent reason, and while he was in handcuffs. Given the nature of the claim and the fact that Plaintiff claims to have sustained serious injury to the back of his leg and rib because of the unwarranted use of unlawful force. Since Plaintiff has alleged sufficient facts to proceed, Sgt. Poole's motion to dismiss should be denied.

**B. Deliberate Indifference Serious Medical Needs**

Plaintiff alleges that in November 2019 he told Warden Bryner that he suffers from thrombosis, muscle spasms, inflammation, and soreness behind his left knee. [ECF No. 10 at 17 at ¶ 28]. He advised Warden Bryner he had made three prior sick call requests all of which were ignored. [Id.]. In response to Plaintiff's medical emergency, Warden Bryner told him to "write it up." [Id.]. Plaintiff also alleges that, in December 12, 2019, during a weekly inspection, he declared another medical emergency, showing Warden Bryner his bruises, the swelling behind his left knee,

and dislocated rib. [*Id*. at 17-18 ¶¶ 31-32, 34]. In response Warden Bryner did disparaged his injuries and called him a racial epithet before laughing and walking away from the Plaintiff. [*Id*.].

To prevail on a deliberate indifference claim, a plaintiff must show: (1) a serious medical need; (2) deliberate indifference to that need; and (3) causation between that indifference and the injury. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

"[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (1994) (citations omitted), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002); *See also Andujar v. Rodriguez*, 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.' " *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation marks and citations omitted).

As for determining what conduct or lack of conduct qualifies under the deliberate indifference component, plaintiffs must satisfy three requirements: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. *See Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016).

Causation, the final requirement for a deliberate indifference claim, requires a link between the injury and the constitutional violation. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). In other words, the unconstitutional act must be a proximate cause of the injuries, *see LaMarca v. Turner*, 995 F.2d 1526, 1538-39 (11th Cir. 1993), or should otherwise show the defendant's personal participation in the constitutional violation. *Goebert*, 510 F.3d at 1327.

To illustrate the high bar of such a claim, "[m]ere incidents of negligence or malpractice

do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Similarly, a simple difference in medical opinion between a prison's medical staff and the inmate as to the inmate's diagnosis or course of treatment cannot support a deliberate indifference claim. *See Id.* Once an inmate receives medical care, courts are reluctant to question the adequacy of medical care provided to the inmate. *See, e.g., Harris*, 941 F.2d at 1507. *See also Lloyd v. Van Tassell*, 318 F. App'x 755, 760 (11th Cir. 2009).

The Eleventh Circuit has instructed that, claims based on a delay in medical care, courts should consider "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert* 510 F.3d at 1327. In order for a delay in medical treatment to rise to the level of a constitutional violation, Plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. . .." *Hill* 40 F.3d at 1188.

### a. Objective Component - Serious Medical Need

Plaintiff has alleged that he suffered from severe pain resulting from a dislocated rib, inflammation to the back of his left leg, and exacerbation of his deep vein thrombosis, all of which he claims required medical treatment. Plaintiff does not dispute that he was seen in the infirmary for a pre-confinement check but claims he has previously been denied medical treatment and continued to be denied medical treatment by Warden Bryner.

The objective component of a deliberate indifference claim requires Plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). "[A] 'serious' medical need is one that has been diagnosed by a physician as mandating

treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill*, 40 F.3d at 1187(citations omitted), overruled in part on other grounds, *Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002); *Andujar*, 486 F.3d at 1203. "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow*, 320 F.3d at 1243 (quotation marks and citations omitted).

Construing the allegations liberally, Plaintiff has alleged that he suffered a dislocated rib, swelling behind his left knee, bruising, and thrombosis, following the unlawful use of force by Sgt. Poole. These conditions, which require medical treatment, are objectively serious medical needs. *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007)(stating that a medical need satisfies the objective component if it "has been diagnosed by a physician as mandating treatment."). Also, the Eleventh Circuit has determined "a variety of medical needs as serious medical needs," including "broken bones and bleeding cuts," and "severe pain that is not promptly or adequately treated." *See Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016)(citations omitted).

As applied, Plaintiff has alleged sufficient facts from which a jury could conclude that he suffered from a serious medical need which required treatment, including the dislocated or broken rib, inflammation to his left leg, severe pain, and thrombosis. Therefore, he has satisfied the objective component of a deliberate indifference claim.

**b. Subjective Component**

The next issue is whether Plaintiff has satisfied the subjective component of a deliberate indifference claim, which as previously noted requires: "(1) a subjective knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than mere negligence." *Melton*,

841 F.3d at 1223. A defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. *Hill*, 40 F.3d at 1190 n. 26; *H. C. by Hewett v. Jarrad*, 786 F.2d 1080, 1086 (11th Cir. 1986)(citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985)).

Here Plaintiff has alleged that he personally informed Warden Bryner of his serious medical needs. Plaintiff has also alleged that Warden Bryner disregarded his requests for medical treatment by telling him to write it up. Although Warden Bryner contends that this was a direction to Plaintiff to file a medical request, at this point in the pleading stage the court cannot address the relative credibility of each party's allegations and, in the light most favorable to Plaintiff, the court finds that Plaintiff has adequately alleged Warden Bryner's disregard of Plaintiff request for medical treatment. Finally, based on the allegations of Plaintiff, it appears that Warden Bryner's disregard was more than mere negligence. According to Plaintiff the denial of care was accompanied by laughter, derogatory comments and racial epithets. Plaintiff has alleged sufficient facts to establish that Warden Bryner had subjective knowledge of his serious medical needs and that Warden Bryner's disregard of those needs was more than mere negligence.

Accordingly it is

**ORDERED** that:

1) Defendants' Motion to Dismiss [ECF No. 27] is denied.

2) Defendants shall file an answer to the complaint within twenty days of the issuance of this

order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 22nd day of October, 2020.

KENNETH A. MARRA
United States District Judge

cc:
Adrian Perez, Pro Se
DC#Y51373
Martin Correctional Institution
Inmate Mail/Parcels
1150 SW Allapattah Road
Indiantown, FL 34956

Armand Murach
Office of The Attorney General
Civil Litigation
110 SE 6th Street
10th Floor
Fort Lauderdale, FL 33301
954-712-4684
Email: Armand.Murach@MyFloridaLegal.com

M. Stephen Smith , III
Rumberger Kirk & Caldwell
Brickell Bayview Centre
80 SW 8th Street
Suite 3000
Miami, FL 33130-3047
305-358-5577
Fax: 371-7580
Email: ssmith@rumberger.com