UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA. Miami Division

FILED BY _____ D.C.

DEC 07 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Perez, adrian
  plaintiff, in Propius Personam, holder in due course, **Beneficiary**

VS.

[ S. POOLE, R. BRYNER, AND        [Case or TRUST]#20-14052-CV-MARRA
S. TAEGER]
        DEFENDANTS              [Administrative Trustees and
                                other trustees] JHON O'
                                SOLOVAN, REID, AND CLERK]

        AFFIDAVIT OF FACTS
    PLAINTIFF Perez, adrian's VERIFIED REBUTTAL
AND DECLARATION OF FACTS OPPOSING [DEFENDANTS]
MOTION FOR SUMMARY JUDGEMENT

    Beneficiary of Trust# above and holder in due course,
steps forward in Propius Personam, as myself a third
Party being injured by this cause and also here
declares he is Competent, Present living man who
claims his body and hereby stands against
Summary Judgement against the [DEFENDANTS], as
the evidence supports a finding of Excessive force,
deliberate indifference, de maximus injury, and so
there is basis for punitive damages and the defendants "are not"—
are Not protected by Qualified Immunity. Plaintiff
will show why he qualifies for "Nominal", compensatory, and
punitive damages as he has requested in Prayer for
Relief See (Document #10 ECF, Page 22, Paragraph 1-3.)

        I. BACKGROUND,
            ON FEBUARY 18, 2020, living man Perez filed his
initial complaint, E CF No. 1 and then an Amended Complaint
ON FEBUARY 28, 2020 ECF No. (2    ), against [several defendants],
or 3, and Judge Administrative Trustee Reid's report and

The court has previously screened the Amended complaint and found plaintiff had alleged facts sufficient to support a claim of excessive force against Defendant POOLE and a claim of deliberate indifference to a serious medical need against Defendant BRYNER and Defendant Nurse Taeger. As was previously found, Plaintiff has alleged a prima facie claim arising from the unlawful use of force by SGT POOLE. He maintains that POOLE unlawfully beat him, while hand cuffed, Laughed at him, and denied him medical care. Federal Rule of Civil procedure 8 (a)(a) requires that a complaint provide a short and plain statement of the claim demonstrating that the plaintiff is entitled to relief Mathews V. Paynter, 752 Fec. Appx. 740, 748 (11th Cir. 2018) The complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. Watts V. FIU, 495 F.3d 1289 (11th Cir. 2007)

A. Unlawful use of force was commited by SGT. POOLE on the Morning of December 4th 2019 ECF No. 10 at 15-16 ¶¶ 10-21, on plaintiff and when plaintiff Requested medical Emergency he was denied by POOLE ECF No. 10 at 16 ¶ 21. This resulted in plaintiff severe physical pain, further inflamation, Exacerbated injury all towards left leg, bruising that lasted weeks, a Dislocated or misplaced rib, fear, and Mental and Emotional pain, and a permenant limp which severly limits my daily activities such as workouts, sleeping, walking ect. ECF #10 at 21 ¶ 52 and Id. at 16 ¶ 17 ¶ 21. see also Id. at 22 ¶ 57

B. Deliberate Indifference of serious medical need was Commited By Bryner twice by his intentional, evil intent or reckless or callous indifference demonstrated by evidence of racial epithets, Laughter, and derogatory comments, and Statement of "write it up" after plaintiff was denied medical care for a serious condition when plaintiff showed Bryner his injury and declared a medical emergency on two Seperate Occacions and which Resulted in plaintiff having severe pain and Suffering, humiliation, Mental Anguish, and further swelling behind left Knee. ECF No. 10 at 17 ¶ 27-34 Id. at 20 ¶¶ 46-49, see Exhibit XX

The Deliberate indifference to plaintiff medical/serious needs commited by POOLE Resulted in an exacerbated Injury, further Severe pain and suffering, a dislocated or misplaced rib, fear, mental Anguish, nightmares and flash backs of sufferings, severe swelling behind left leg, bruising that lasted weeks, injuries that a cellmate Avion Lawson witnessed when I was his cellmate which he swore or certified under penalty of perjury, which was submited to the court with plaintiff's Rebuttal to Defendants motion to dismiss attachment exhibit B. And ECF NO. 10 at 21 ¶ 51-52 and Id. at 16 ¶ 17 and demonstrated by his laughing as well Id. at 16 ¶ 15

The deliberate indifference commited by Taegar to plaintiff medical serious needs was demonstrated by her callous, indifferent statements and derrogatory comments that followed her repeated denial of plaintiff's request to have telphose delivered and provide treatment when I showed her my injuries and declared medical emergency for post force injuries and for the severe pain and mental Anguish endured. Her denial to the medical Emergencies was witnessed by Avion Lawson who witnessed them when we was in confinement. See Exhibit A attached, ECF No. 10 at 18 ¶¶ 35-40, Id. at 19 ¶¶ 41-45, ECF No. 10 at 20 ¶ 50 and also witnessed by and certified under penalty of perjury by Avion Lawson as "Exhibit B" will show; which was submitted into the records with "plaintiff's Rebuttal to Defendants motion to dismiss" dated Sometime before October 10th 2020 and Sometime after ECF No. 27 but Before, ECF No. 33 (see Exhibit A)

- The Summary of Argument -

The plaintiffs Verified documents, verified declarations, and other admmisable evidence attached; contradict the allegations of the defendants and support plaintiff's claims

# ARGUMENT - POINT 1

- THE COMPLAINT STATES A CLAIM UNDER THE 8th AMMENDMENT -

The supreme court has ruled that "deliberate indifference to serious medical needs of prisoners" is cruel and unusual punishment. Estelle V. Gamble 429 U.S. 97, 104 (1976) The complaint alleges facts that state a constitutional claim under this standard

# ARGUMENT - POINT 2

## A. The Plaintiff Has a Serious Medical Need

1st While true, The defendants may argue that I already had preexisting conditions or that I have no proof of a serious medical need when the oposite is true. First, Courts generally agree that a medical need is "Serious" if it "has been diagnosed by a physician as mandating treatment". Brown V. Jhonson, 387 F.3d 1344, 1351 (11th Cir. 2004) or one that is so Obvious that even a lay person would easily recognize the necessity for a doctors attention" Hill V. Dekalb Regional youth Detention Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), over ruled in part on other grounds, Hope V. Pelzer, 536 U.S. 730, 739 n.9 (2002); Goebert V. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007), Andujar V. Rodriguez, 486 F.3d 1199, 1203 (11th Cir. 2007) Secondly Courts have acknowledged that conditions that cause significant pain are serious medical needs. Brock V. Wright, 315 F.3d 158, 162 (2d Cir. 2003) "Chronic and substantial pain" indicate serious medical needs McGuckin V. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (Same as Brock); Gutierrez V. Peters 111 F.3d 1364, 1371 (7th Cir. 1997) The complaint alleges severe pain as well as documents and the pain is sufficient to make the plaintiffs medical need "serious". The medical need of plaintiff was ignored by defendants when he declared medical Emergencies and that posed a substantial risk of serious harm. Farrow V. West 320 F.3d 1235, 1243 (11th Cir 2003)

## B. Defendants Conduct Amounts to Deliberate Indifference

like in Goebert, 510 F.3d at 1327, defendants personally participated in the Constitutional violation. Their denial worsend plaintiffs condition resulting in severe physical and Mental pain and a "Permenant Limp" amongst other injuries Later witnessed (e.g. by Avion Lawson) et al Though Defense may argue that I was seen by a doctor or Nurse before or after the incidents I allege in complaint that I was denied medical Emergencies by ALL DEFENDANTS and continued to be denied by Taeger and BryNER which Resulted in "further severe pain and sufferings, unreasonably. Hudson V. McMillian, 503 U.S. 1, 8-9 (1992) denying me "minimal civilized measure of life's necessities." Having severe pain that wasn't promptly treated see Melton V. Abston, 841 F.3d 1207, 1222 (11th cir 2016) A defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill, 40 F.3d at 1190 n.26; H.C. by

Pg 5

Hewett V. Jarrad, 786 F.2d 1080, 1086 (11th Cir. 1986) (Citing Ancata V. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th cir. 1985). ALL Defendants denied Medical emergencies for non-medical reasons. An unexplained "delay of hours" in treating a serious injury states a prima facie case of deliberate indifference Brown V. Hughes 894 F.2d 1533, 1538 (11th Cir. 1990) Plaintiff was denied and delayed for months. A complete denial of Readily Available treatment for a serious medical condition Constitutes deliberate indifference Harris V. Coweta, 21 F3d 388, 398 (11th Cir. 1994) Defendants (ALL) had actual Knowledge of my serious medical need when I informed them of an Emergency and showed my injuries yet were indifferent Farmer V. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994); Jhonson V. Mullin, 422 F.3d 1184, 1187 (10th Cir. 2005) Estelle V. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976); See Erickson V. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007) All Defendants demonstrated by word or inaction or actions a Culpable state of mind Warren V. Goord, 579 F. Supp. 2nd 488 (S.D. N.Y. 2008) and the declarations made under penalty of perjury pursuant to 28 U.S.C. §1746 not only support plaintiffs verified complaint but also serve as admissable evidence and/or proof to the injuries plaintiff suffered and suffers and the delay and denial of medical treatment. So Defendants Don't have qualified Immunity

## C. Qualified Immunity futile

Defendants violated established law which A Reasonable person who'd have Known and Should have Known. Defendants acted outside their Official and Individual Capacities by a Unreasonable Excessive force, Denial of Medical treatment repetedly when requesting Medical Emergency, and by being deliberate indifferent to Perez's serious Medical Needs. See Valdes V. Crosby 450 F.3d 1231, 1244 (11th Cir. 2006) SKRtich V. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002).

## D. Force is Malicious and Sadistic causing HARM

It's Established that Poole beat Perez without provocation of plaintiff and while plaintiff was handcuffed and wasn't a treat to himself or others. "Inmate who is gratuitously beaten by gaurds does not loose his ability to pursue excessive force claim merely for having the good fortune to escape without serious harm. Hudson V. McMillian, 503 U.S. 1 (1992) since there was no need for force, the constitution is violated by ▬ Relatively small Amounts of force: Wilkins V. Gaddy, US. 130 S.Ct. 1175, 1178-1179 (2010) (per curiam)

Recomendation ECF No. 18 ; acceptance by this court the claims permitted to continue (1) unlawful use of force claim against S. POOLE in his Individual capacity; (2) claim of deliberate indifference to a serious medical need claim against TAEGER AND BRYNER and Relief for punitive damages "Amongst other" damages.

## II. PLAINTIFFS Allegations

Contrary to what executor trustee [STACY BLUME] and other defendants claim that plaintiff claimed in his Ammended Complaint on their motion. ON December 4th 2019, Plaintiff has a verbal exchange with POOLE NOT while being escorted to medical for a pre-confinement Examination but post medical examination on the Way to confinement IN Front OF D-Dormitory By the entrance Door. THIS is Also where the force took place, right before I was brought to the Showers. During the force used POOLE laughed at plaintiff, stomped on plaintiff on back and left leg, Struck plaintiff with fist to left side not leg, Picked up plaintiff and ramed him against the wall then beat his body some more with maximum force and denied plaintiff his medical emergency and used racial epithets See ECF No. 10 p.15 ¶ 10-12, p. 16 ¶ 13-21 Resulting Causing Plaintiff "SEVERE PAIN", Severe Inflamation, Chronic vericose veins-made worse (& exacerbated Injury) Brusing that lasted weeks, pain that lasted weeks, Mental and emotional pain, Dislocated or misplaced rib Permenant limp, sleep loss, Anxiety, Sharp pains, Emotional and physical pain that lasted weeks, and muscle spasms, Difficulty walking Id. P. 22 ¶ 56, p. 22 ¶ 56, P. 16 ¶ 17, P. 21 ¶ 52, Exhibit (R), EXHIBIT (S)(X)(V) Plaintiff places warden BRYNER ON Notice of a substantial risk of harm after he told BRYNER in November 2019

(6)

During a weekly Inspection that he had a medical Emergency Cell Front G1102. Plaintiff Informs [BRYNER] that he suffers from muscle spasms, severe Sharp pain Inflamation, and soreness behind his left Knee st Id. p.17 ¶28, and how he placed 3 sick calls to no avail. In response to plaintiff's medical emergency WARDEN BRYNER tells me to "write it up" Id. ¶30. Plaintiff also alleges Sometime after December 12 2019, during a weekly inspection, he declared another medical Emergency, Showing warden Bryner his injuries before Avion Lawson, plaintiffs Roomate and eye witness Cellfront D-2213 ECF. No. 10 P.17 ¶ 31, P.18 ¶32-34 In Response of pracing warden BRYNER ON Notice of a substantial risk or possible risk of harm warden Bryner used racial Epithets, Laughed at plaintiff, and walked away Id ¶34 (See also Exhibit)

Plaintiff fully incorporate his statement of Undisputed Material Facts filed Seperately with Exhibits attached thereto. (See Exhibit ECF # 27 P. 7 footnote Also)

## III. MEMORANDUM OF LAW

In determining whether Summary Juadgement is appropriate [the court] is Required to draw all reasonable Inferences in favor of the NON-moving party. Horn V. United State Services, Inc., 433 F. Appx 788, 796 (11th Cir. 2011)

Plaintiff can prove that defendants had actual Knowledge of a substantial risk of harm but not limited to this and a possible risk of harm after plaintiff places them on notice of his severe pain and injuries when he declared medical Emergency Farmer, 511 U.S. at 842 An inference is a fact that is arrived by logic and Common sense from other facts. Similarly IF there wasn't any eyewitness to the actual force yet the following day Avion witness Personally my injuries I can Infer that force was used against me so Defendants shall be held liable see Exhibit, furthermore plaintiff was beaten where there wasn't cameras.

Maintaining or Tolerating A "code of Silence" about staff misconduct can support supervisory or Municipal Liability SLEdd V. LIndsay, 102 F.3d 282, 289 (7th Cir. 1996) see ECF No. 10 p. 17 ¶ 30. As the First complaint show that Martin is know for its Staff to inmate abuse and that abuse Extends into the Medical Department See—

A Causal Connection between supervisory Action and unconstitutional conduct can be Made where a supervisors Custom or Policy results in deliberate indifference to const-itutional rights Harper V. Lawrence county, Alabama, 592. F.3d 1227, 1232-33 (11th Cir. 2010) THE complaint alleges and Avions Declaration alleage and prove that warden Bryner was Aware of facts that gave rise to An Inference Of risk Of serious harm and Denial AND DELAY IN G of MEDICAL Treatment which they reasonably drew that Inference by the fact that the risk was obvious Farmer V. Brennan, 511 U.S 825, 832-33 114 S. Ct 1970 1976 (1994) The procedure 403.006 Exhibit T p. 2 describes an emergency as a condition which lacking timely intervention would subject the inmate to substantial risk of personal injury, or cause other serious degradation of the inmates health status... P4. Of 403.006 (c) say inmates may access care by verbal request due to barriers. Id p4 (3)(a)(1) talks about Emergencies declared or actual will be Evaluated immediately. furthermore 403.006 p. 8 (I) Nurses will not Perform sick call at the cell front nor in the cell "except" in an Emergency... Procedure 403.006, (6)(B) on page 8 "medical Emergencies shall be responded to in accordance with this procedure and Medical Emergency CARE PlAN AND Guidelines", HSB 15.03.22. Procedure 403.006 p. 9 (1)(2) "medical Emergencies, inmate declared or Referred, are to take immediate precedence over all routine activities in the medical department... "All Emergencies, inmate- declared or Referred, must be evaluated. All findings will be documented on the appropriate DC4-683 Series protocol form..." None was done by defendants 8

and (d) "All inmate emergency encounters, whether inmate-declared or referal, shall be documented on the "Emergency Nursing Log DC4-781M

Health services Bulletin No. 15.03.22-medical Emergency care plan and guidelines refered to from here on as (Exhibit C-001585) Page 1 (I) stipulates "These standards and responsibilities apply to both "Department staff" and Comprehensive Health care Contractor. Id II (B) medical Emergency described as - an acute Injury or Illness which poses an immediate risk to a persons life or long term health. Id (C) describes a first responder as - THE FIRST PERSON who discovers the Emergency who is trained to perform basic first aid and CPR. Furthermore Id p.2 III (A)(3) and IV.(A) detail Emergency plan involving "the warden" and the Institutional Health service Administrator ensuring a written emergency service plan and Any first responder who discovers a suspected medical emergency who is trained to perform basic first aid and CPR under title purpose And Definitions, Emergency plan, and Responsibilities. Also HSB15.03.22 p3 V(B)(1)(2) Notifying healthcare staff of type of emergency and the location, Either respond to the Site of the Emergency or have the patient transported to the clinic, and access the medical emergency and ask for additional help if necessary. Plaintiff has personal Knowledge and swears under penalty of perjury that none of these procedures, guidelines, and policies mentioned from Exhibits T and C were followed by All defendants which resulted in plaintiff expirencing sleep loss, Difficulty walking, need to daily rely on a cane, severe pain and suffering, Mental and Emotional pain ect. when plaintiff already had a serious medical condition of partfal thrombosis and Chronic vericose veins. See Melton V. Abston, 841 F.3d 1207, 1222 (11th cir. 1985) "Severe pain that is not promptry or adequatery treated. Exhibit O P.3 #15 where Kellie Casewell, RN, BSN

Declares that plaintiff has a "Chronic Condition of Vericose veins" behind left Knee. Exhibit RR-1/Exhibit YY also show partial thrombasis which I still claim became worse thus the need for a cane to walk because of the severity of pain and now plaintiff may never be able to walk normally again. see Exhibit AA and Exhibit YY where doctor Smith says inmate is unable to walk and YY shows how long the cane was issued for with low tier pass for a whole year because of severe difficulty going up and down stairs without an accomadating device.

Applicable law Deliberate Indifference

Supreme court prohibits "deliberate indifference to serious medical needs of prisoners" Estelle V. Gamble, 429 U.S. 97, 102 (1976). To prevail on an Eighth Amendment deliberate Indifference claim the plaintiff must demonstrate:(1) an objective component by showing he has a serious medical need and (2) a subjective component by showing the prison official acted with deliberate indifference to that need, and causation between that indifference and the plaintiff's injury (see Mann. V. Taser Int'l Inc., 588 F.3d 1291, 1306-07 (11th cir. 2009); Estelle V. Gamble, 429 U.S. 97, 104-05 (1976) The Eleventh circuit has instructed that claims based on a delay in medical care courts should consider (1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay (Goebert V. Lee Cty., 510 F.3d 1312, 1327 (11th cir. 2007) in order for the delay to rise to a constitutional Violation the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." Hill V. Dekalb Reg'l Youth Det. ctr., 40 F.3d 1176, 1188 (11th Cir. 1994), overruled in part on other grounds by Hope V. Pelzer, 536 U.S. 730 (2002). Plaintiff has placed verifying evidence, furthermore (10)

## Objective Component - Serious Medical Need

Plaintiff alleged that he suffered humiliation, unessary pain and suffering, mental pain, and further swelling to his already Chronic vericose thrombosed condition Doc ECF#10 P.20 ¶ 46-48,49 Because of BryNERS Denial to plaintiff's Requested Medical Emergencies. Plaintiff also alleged and demonstrated evidence here of from his severe painy physical injuries, and permenant limp, difficulty walking, and mental and emotional pain observed personally by Avion lawson see Exhibit X and ECF#10 p.21 ¶ 51-52 Exhibit YY, and the Resulting effect of Taegars Denial of Declared medical Emergency before eyewitness Avion lawson On December 12th is mental and Emotional pain due to only getting 1-3 hours of sleep or 4 hours of sleep, nightmares and flashbacks of the force and denials, swelling behind left knee and around ribs worsening due to lack of treatment in confinement and resulting in Limited Activities, Plaintiff not-only expriencing unwanton infliction of pain but forcing Plaintiff to sleep on the ground and being featful of camming out of the cell for fear of Retaliation. see ECF.10 p.20 ¶ 50, Exhibit X, Bates 1493,1503,1501,1481, Exhibit PP, Bates Exhibit AI As a Result of Defendants Deliberate Indifference to plaintiff. Plaintiff does not deny that he was seen before or after the incident AND contends difficulty walking before the incident and contends (or rebutts) any inference or notion of having the medical Evaluation on december 4th 2019 after going to confinement, furthermore Poole agrees with me see ECF 10 P.15 ¶ 10-11, Exhibit J P.2 ¶ 19; P.3 ¶ 20-23, that there was a medical evaluation done before going to confinement shows no injury at 11:10 time Am because force occured where

⑪

(12)

1) there was no cameras and 2) at a blind spot In front of confinement Dorm (D-Dorm) by the door and within one minute. It was count time or recall where inmates and guards would have been paying attention to count procedures and at the 84 foot threshold of defendants proclaimed 85 foot distance of whole southside yard distance from the CSB medical building. So how could someone see when even the Inspector general agreed that there was (N) no video footage of the incident. It can logically be inferred That it ~~could~~ the force was not witnessed but the injuries were and was subjectively and objectively communicated as well to counselors when they noted mild to moderate impairments, 1-3 or 3-4 hours of sleep within 74 hours which points to my claimed lack of sleep, and fear of comming out of the cell i•g• my refusual to see psyche on (    ) which is why I proclaimed "I'm good" which Translates to I'm passing, I'm stright; I don't want to see anyone; not a Literal meaning; its how I talk, either way my rights were violated and communicated. See the following in support noting hours of sleep and proclaimed Stress (Exhibit H p.1-2, Exhibit S, bates 1553, Exhibit J p.3 ¶ 21-23, ECF# 71-29 p.97, Id. p.99, Id. p.77, Id 89, ECF# 71-30 p.25.) further more I had an eye witness to the post Injuries I sustained, the sickcall I submitted, the deliberate indifference of Taeger and Bryner and I even informed psyche that I was Jumped, not sleeping well and reported it verbally declaring medical Emergencies, and wrote grievences, and further request forms and sick calls further documenting my physical severe pain and sufferings, and Mental and Emotional pains. See Exhibit A, Exhibit RR, Exhibit PP¹⁻³, Exhibit XX, ECF# 71-29 p.97 AND my attached Exhibits A - C which are my

## Extent of Injuries - not de minimus

Verifying evidence of documenting my pain and sufferings which continue today even as I write this, my leg pain is a 9½ of a scale 1-10. I still have nightmares and flashbacks, my daily activities like walking and sleeping are hindered, I still deal with Emotional and mental pain which has caused me to go on S.H.O.S. (suicide observation watch) as one of the grievences attest to, see (exhibit D-2) in the near past, I still have difficulty walking even with a cane!, I have a permenant limp and can't fully bear my weight on left leg and pursuant to Brooks, 204 F.3d at 108 we noted that when courts focus on the Extent of the Injury, It Is important to Recognize that "An inmate who is pro se, IS IN A decidely difficult position from which to 'Generate 'Record Evidence' on his behalf." Under the circumstances, his Affidavits, Sickcalls, grievences, verified declarations, Request forms, ect... ARE ABOUT THE BEST that can be EXPECTED FROM HIM [at SUMMARY JUDGEMENT PHASE OF] the proceedings." (emphasis added), Quoting NORMAN V. TAYLOR, 25 F.3d 1259, 1265. ALL non-moving party's allegations must be presumed True and all reasonable Influences must be construed in light most favorable to the non-moving party. Powell V. Lennon 914 F.2d 1459 (11th Cir.1990) MIRee V. Dekalb County, GA 433 U.S. 25(1977); Brown V. Jhonson 387 F.3d 1344(11th Cir.2004); Scheuer V. Rhodes, 416 U.S. 232 94 S.Ct. 1683, 40 L Ed.2d 90 (1974); HowrY V. Nisus, Inc., 910 F. Supp. 576(M.D.Fla. 1995) AFTER Ashcroft V. Iqbal, 556 US 662, 129 S.Ct. 1937, 137 L.Ed 2d 868 (2009) Courts Recognize that mental pain can be as Real and serious as physical pain Northington V. Jackson 973 F2d at 1524; Parrish V. Jhonson, 800 F.2d 600, 605 (6th Cir. 1986) Claim that prisoner was slammed into                    doors and walls resulting in

(13)

Severe pain in his shoulder, which lasted 3-5 days could not be dismissed as deminimis; ATKINS V. county of orange 372 F. Supp. 2d 377 400-01 (S.D.N.Y. 2005) In plaintiffs case his severe pain continued through out his confinement time and on forward till today as his Exhibit A will show and his low tier and cane pass Exhibit 44, his proof of disability Since he doesn't walk the same now. IN Slicker V. Jackson 215 F.3d 1225 (11th Cir. 2000) A plaintiff may recover damages for monetary loss, Physical pain and Suffering, Mental and emotional distress, Impairment of Reputation, and personal humiliation, similar to this case plaintiff is entitled to recovery based on his proof of severe physical pain and Suffering, Mental and Emotional distress, and humiliation. IN HARDIN V. FULLENKAMP, 2001 WL 35816398, *7 (S.D. Iowa June 22 2002) (holding Evidence) prisoner was cut AND bruised and Other Inmates affidavits that they SAW HIM BEATEN and LATER LIMPING MET the standard similar to this case eye witness Exhibit A witnessed my bruises that lasted several weeks and me limping verifying it under penalty of perjury. IN MILER V. SHELBY COUNTY, 93 F. Supp. 2d 892, 902 (W.D. Tenn 2000) $40,000 for Inmate ASSAULT Resulting In PERMANENT SHOULDER INJURY Among Others. Similar to this case plaintiff requires cane for a year and can't go up and down Stairs so has a low tier pass for a year and requires a A.D.A. cell here at Suwannee and contrary to exhibit W officer named is not a medical professional. My medical records speak for themselves. For now I have a permenant limp; Irreparable harm done for delay and denial of treatment prooving further the deliberate Indifference that I and Avion lawson witnessed from defendants Taeger and Bryner. See Exhibit XX

(14)

See also Wilkins V. Gaddy U.S. 130 S.Ct. 1175 1779 (2010);
COTNEY V. BOWERS, 2006 WL 2772775, * 7 (M.D.
ALA.sept.26.2006. Holding Bruised Ribs that took
weeks to heal could not be found deminimus. similar
to this case plaintiff had bruises that took weeks
to heal on left rib and left leg and furthermore witnessed
on plaintiffs body during duration of Avion lawson
being confined together with plaintiff. See Exhibit A.
   A complete denial of Readily Available Treatment
for a serious Medical condition (Chronic or severe pain)
(chronic varicose veins ~ as Kellie Caswell, RN, BSN affirms
in Exhibit O P.3 ¶ (5) — constitutes deliberate indifference
Harris V. Coweta, 21 F.3d 388, 393 (11th Cir. 1994) (emphasis
added). Also The court need not accept conclusory
allegations In the complaint as true; Rather it
must examine whether [They] follow from the description
of Facts as alleged...(And demonstrated sufficiently
in favor of plaintiff who claims his damaged body as his
own...emphasis added) see Holden V.Hagopian, 978 F.2d 1115,
1121 (9th Cir.1992) Plaintiff feared death at the
hands of POOLE and So was exposed to terror of
Instant death at the hands of his keepers see.
Northington V. Jackson, 973. F.2d 1518 (10th Cir. 1992) When A
Inmate is exposed to the terror of Instant and
unexpected Death at the hands of his keepers A
Constitution violation occurs even if there is no
Physical Injury. Similar to this case POOLE threatened
to have me stabbed by inmates and promised me I
would get 60 days confinement none of which was
denied and plaintiff feared unexpected death and
talking to the authorities at certain times but still did.
see also Gibbs V. ROMAN, 116 F.3d 83 (3rd cir.1997)
3rd Cir. held that the proper focus when examining an Inmates
(15)

(P16)

complaint filed must be the imminent danger faced by the inmate at the time of the alleged incident, and not at the time the complaint was filed. In this case even though plaintiff did not complain of his constitution violations right away he still filed for it and submitted grievences, Although cautiously because he feared imminent danger from pooles threats Hemphill V. New york, 380 F.3d 680, 689 (2d Cir. 2004) see ECF#10 P.16 ¶ 20, Id. ¶ 18-21 in Hemphill it was held that exhaustion should be Excused After Inmate was Assaulted and threatned to keep him from complaining, Although in this case plaintiff Exhausted his remedies fully. see also ECF#10 P.17 ¶ 24-25. Also Maintaining or Tolerating a "Code of silence" about staff misconduct can support supervisory or Municipal Liability SLEdd V. LINdsay, 102 F.3d 282, 289 (7th Cir. 1996) see ECF#10 p.17 ¶ 30 Tolerating a Code of silence of his own misconduct, as Bryner- first responder to plaintiffs declared Medical Emergency, he could have easily directed a subordinate to escort me to medical and or not limited to follow the procedures and guidelines for a declared Medical Emergency by plaintiff; Who did so on more than one occacion, whom suffered Severe pain and needed treatment at those requested times. ECF#10 p.17 ¶ 27-31 Id p.18 ¶ 32-34. Because of Defendants Holding their cards close to their vests and Delaying and denying plaintiff medical treatment when he declared a medical Emergency it Resulted in his daily activities being Severely hindered such as walking, sleeping, workouts. See Hayes v. snyder 546 F.3d 516, 523 (7th Cir. 2008) (Citations omitted); McGuckin V. Smith 974 F.2d 1050, 1060 (9th cir. 1992) A medical condition may be Serious if it Significantly affects an Individuals daily activities See Exhibit ##, needless pain is actionable even if there is not Permanent Injury and chronic and substantial pain Indicates that a medical need is serious, even delays in treating Painful medical conditions that are (16)

P (17)

not life threatning can support 8th Ammendment claims
See Brock V. wright 315 F.3d 158, 162 (2d cir 2003);
Mc Guckin V. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); Gutierrez V.
Peters 111 F.3d 1364, 1371 (7th Cir. 1997); Boretti V. Wiscomb,
930 F.2d 1150, 1154-55 (6th Cir. 1991); Estelle V. Gamble, 429
U.S. at 104 (citation omitted). The complaint and Exhibits
show that the plaintiff has suffered severe pain physical,
severe mental and emotional pain, and recurrent pain,
even a permenant limp and need for a daily cane to
walk because of Taegers, Bryners, and pooles
deliberate indifference to (and force unnessesarily
applied) towards plaintiffs serious medical needs to
a declared Medical Emergency. See ECF#10 P. 16 ¶¶ 21
Id. p. 17 ¶¶ 27-30, Id. ¶¶ 31, Id. P. 18 ¶¶ 32-34, Id. ¶¶ 36-37;40,
Id p. 19 ¶¶ 43-45 Exhibits ¶¶; ¶ Avion lawson witness
        This pain and resulting hindered dairy activities,
the mandated treatments, and resulting permenant limp-
demonstrated by the need for a cane and low tier pass
is more than sufficient proof that plaintiff has
a serious medical need, has and still suffers greatly,
and so is entitled for damages "Nominal, compensatory,
and punitive as he has requested in claim ECF#10 P.22
¶¶ 1-3. Defendant Taeger may argue that she
didn't work on December 4th and plaintiff may have
meant December December 6th 2019, nevertheless
Defendant; Indeed on two seperate occacions,
on December 12th 2019; for sure, and before witness
Avion lawson Taeger denied and delayed plaintiff's
request for medical Emergency for his severe pain
from his injuries and her deliberate indifference to
those needs still caused plaintiff further significant
pain and suffering. see Exhibit ¶ Avion lawson witness and
ECF#10 P. 19 ¶¶ 42-45, Id. P.20 ¶¶ 50; Id. 21 ¶¶ 50, Exhibit
¶¶

Please note, that these failures from defendants to provide for or treat for plaintiffs basic need for medical care for a objectively serious condition was the result of defendants deliberate indifference to plaintiffs serious chronic medical condition resulting in significant injury (a need for a cane to walk and inability to walk up and down stairs; Exhibit ~~YY~~) and unessesarry infliction of pain. Plaintiff has shown that defendants acted with the requisite culpable state of mind and met both the objective and subjective prongs of deliberate Indifference to his medical needs. see Farmer V. Brennan 511 U.S. 825, 834, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994); Dunigan ex rel. Nyman V. Winnebago County, 165 F.3d 587, 590 (7th Cir. 1999); Gutierrez V. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997) such a condition may also arise from a denial of "minimal civilized measures of life's necessities". Dixon {1999 U.S. App. LEXIS 63} V. Godinez, 114 F.3d 640, 642 (7th Cir. 1997) A fact finder may conclude that [defendants] drew this inference from the very fact that the risk was obvious, the facts were made known to the defendants and the risk they presented were sufficiently obvious that a jury could conclude that the defendants drew the requisite inferences and mistreatment even for a short time would be evidence of a culpable state of mind. Thus if true, the claimed three ~~different~~ defendants deprivations show sufficiently their deliberate indifference by their racial epithets, denials, delays, and not limited to their inactions, suggesting by circumstantial and actual evidence that they desired plaintiff harm see Hudson V. McMillian 503 U.S. 1, 5, 117 L. ed. 2d 156, 112 S. Ct. 995 (1992); Estelle V. Gamble, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976) {97 F.3d 992} causing plaintiff unwanton infliction of pain. In addition plaintiff did his part of submitting his sickcalls and has his pink copies. Be

(18)

mindful that Medical request forms often get lost or misplaced see Vance V. Peters, 97 F.3d 987, 994 (7th cir 1996) but in this case not only does plaintiff has his copies, he also informed the defendants "verbally" of his severe pain and need for a medical Emergency and before Avion lawson with personal knowledge to this Exhibit A. See Wynn V. Southward 251 F.3d 588, 594 (7th cir 2001); Chavez V. Cady, 207 F3d 901, 903, 906 (7th Cir. 2000) in addition to making written Requests, it was held that inmate repeatedly told prison officials that he needed his heart medication immediately; Inmate complained to guards about his severe stomach pain, vomiting, sweating, and chills, inmate did his part to let the officers know he was suffering". Similar to these cases plaintiff sufficiently did his part verbally, through grievences, and sickcalls, as well as through the mental health department and through Requests to let the defendants know and to document that he was and still is suffering. Even Defendant Taeger admitted "The record speaks for itself" see Defendant Nurse TAEGER'S NOTICE OF SERVICE OF RESPONSES TO PLAINTIFF'S AFFIDAVIT OF TRUTH SECOND INTERROGATORIES P.3 Interrogatory Response#4. Also plaintiff wants the court to take note that majority of the inmate population are given the job assignment of Houseman and Insideground Regardless if those position are already fullfilled. Even though plaintiff was assigned these jobs in the past "on paper" he never performed the work because he could of easily showed his injury or passes besides under the constitution, officials may not require an inmate to perform work that is beyond his strength, dangerous to his health, or usually painful see Sanchez V. Taggart, 144 F.3d 1154, 1156 (8th cir. 1998); Chance V. Armstrong, 143 F.3d 698 700 (2d cir. 1998); McGuckin 974 F.2d at 1059-60. ⑲

Plaintiff also wants to bring to this colorable courts attention that [Executor trustee] [STACY BLUME] "Falsely alledges" that plaintiff never grieved or alledge any excessive force, medical emergency, with evidence to his claims ECF#71 p.7 III 1-2 and that plaintiff was unable to indentify when the force took place, that theres NO documentation of the force, even though plaintiff has demonstrated sufficiently to the contrary as Magistrate Reid has noted before. further more Council of defendants [Executor Trustee] states Falsely that plaintiff's claims were further "unsupported" by his deposition testimony when he could not remember his allegations in a sick call he allegedly submitted on December 12th 2019 and cited portions of the deposition that had nothing to do with the incident of force or sick call saying that plaintiff had problem remembering events (which pertained to specific dates, names of officers, what I had went to confinement on a certain time asked) again unrelated to the incident then concludes with my issues being feined when plaintiff has demonstrated to the contrary, and provided evidence as best as he was and is able as a pro se Beneficiary of this trust. see Id. P.8 and Plaintiffs attachments enclosed

      Also May this colorable court take note that even though plaintiff was housed in a upper bunk that does not take away from plaintiffs endured severe pain and sufferings and plaintiff chose even as he does at the firing of this, to sleep on the floor because of the severe disconfort that these bunks give post the use of force. Plaintiff has established permenant Injury and greatly hindered daily activities, and a serious medical condition.
*Hence defendants motion shall not be granted because Plaintiffs de maximus Injuries. (20)

Exhibit yy

## Punitive damages-

Even if the "alledged" defense claim that plaintiff's injuries were de-minimus as of 4/9/2021 the eleventh circuit has ruled that an inmate may be entitled to punitive damages even (with a deminimis injury see Hoever V. Marks) 4:13-CV-549 (case 17-1079a (4/9/2021, 11th Cir). further more a more than de minimis use of force can justify a verdict for the plaintiff but only a more than de minimus physical injury can justify compensatory damages.

Punitive damages may be awarded under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference the federally protected rights of others Smith V. Wade, 461 U.S. 30, 56 (1983). SGT Poole laughed at plaintiff, used racial comments, and threatned to have plaintiff stabbed besides promising Plaintiff 60 days in confinement. AND denied plaintiff medical care when he requested "verbally" a medical Emergency See Coran V. Coughlin, 58 F.3d 865, 872 (2d Cir 1995); Williams V. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); King V. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Lavado V. Keohane, 992 F.2d 601, 604 (6th cir. 1993); Ford V. Wilson, 90 F.3d 245, 247 (7th Cir. 1996); Hayes V. Marriott, 70 F.3d 1144, 1148 (10th cir 1995); Sammons V. Taylor, 967 F.2d 1533, 1544-45 n.5 (11th Cir. 1992) holding verified complaint containing allegations based on the plaintiff's Personal Knowledge is the equivalent of an opposing affidavit or declaration for Summary Judgement purposes See also Neal V. Kelly, 963 F.2d 453, 457 (D.C. cir. 1992); 28 U.S.C §1746; Rule 56 (a) ; and E.C.F #10 P.23 Also Id. P16 ¶ 15, Id. ¶ 20-21 And the circumstantial Evidence, Exhibit XX-Avion's Personal Knowledge of past injuries, and Exhibit YY more than sufficiently point to the force that and culpable state of mind that Poole displayed that Taeger and Bryner Also displayed ECF #10 P17 and the after effects. (21) of such constitution violations

PAGE ¶¶ 27-30, 31 ; Id P.18 ¶¶ 32-34 - this, which was supported by eye witness Avion Exhibit XX which also supports ECF#10 P.18 ¶¶ 40, Id P.19 ¶¶ 42-45, Id. P.20 ¶ 46-50, Id. P.21 ¶ 51-52, Id. P.22 ¶ 57 ; Id. ¶ 1-4, Exhibit XY, Exhibit A-D, RR 1-2

## Conclusion

The [Defendants] Motion for Summary Judgement Shouldn't be granted based on plaintiffs ability to meet his burden and support it with case law demonstrating Excessive use of force and deliberate indifference to his serious medical needs. Furthermore [Defendants] aren't protected by qualified immunity as defendants actions were not appropriate in their employ and horder in due course, Present, competent, Beneficiary, and living-Man perez, adrian has presented sufficient evidence to overcome this immunity and defendants actions not only weren't in good faith but caused perez further severe pain and suffering unreasonably in his situation resulting in him needing a A.D.A cell, a cane, a permenant limp - demonstrated by his need for a cane and inability to go to the top tier (upstairs) and his undisputed facts stand as truth and demonstrate this as well. Therefore [defendants] are not entitled to Summary Judgement.

Wherefore, Living Man perez petitions this court grant this Rebuttal against [Defendants] Motion and grant perez Nominal, punitive, and compensatory damages and furthermore He authorizes such accounting as so. May any awards deemed rightous be granted as well for plaintiff.

㉒

# Certificate of Service and Verification.

I verify under penalty of perjury that the foregoing mentioned is All True and correct, done of my own free will and from my personal Knowledge. Executed on this November 25th 2021 SEAL: _____ ✡

Perez, Adrian respectfully sends this document to trustee [clerk] of miami division, Room 8N09 400 North miami Avenue, miami FLorida [33128-7716] and conditionally accepts this case for value of 100,000$ one hundread thousand dollars for post settlement of the account. (trust and or case #) I hereby authorize you to do the accounting, with my signature and as Beneficiary of this account # 20 140 52 CV Marra I place a value of 100,000$ dischargeable amount on this document and account #, half to be sent onto my inmate account.   SEAL: _____ ✡

as good as an Anvil

[value] credit of one hundread thousand dollars in the form of U.S. E.T.F

DECLARATION OF TRUTH/        1 of 3

STATE OF FLORIDA )
                 )
COUNTY OF MARTIN )

I Avion Lawson #W88414, Do HereBY SWEAR
OR Affirm UNDER PENALTY OF PERJURY THAT THE
following Declaration IS TRUE AND all facts CONTAINED HEREIN
ARE CORRECT, and THAT THIS Statement IS MADE FROM MY
OWN PERSONAL knowledge AND will

   I HEREBY STATE: ON the EVENING OF DECEMBER
4th 2019, I WAS CellFRONT D2213 AND PERSONAlly OBSERVED MR.
PEREZ CELLFRONT D2105 DECLARING MEDICAL EMERGENCY TO
NURSE TAEGER WHO WAS PASSING OUT HIS MEDICATION. I
PERSONALLY OBSERVED MR. PEREZ INFORM NURSE TAEGER
OF HIS INJURIES SHOWING THEM TO HER. AFTER THIS, I
PERSONALLY OBSERVED NURSE TAEGER SAY "WE DON'T TREAT
WETBACKS AT MARTIN AND WE DON'T GIVE A FUCK ABOUT
YOUR LEG".
   AT ALL TIMES BETWEEN DECEMBER 5th 2019 -
JANUARY 25th, I WAS THE CELLMATE OF MR PEREZ IN
D2213 @ MARTIN C.I. ON THE MORNING OF DECEMBER
5th 2019 MR. PEREZ ENTERED MY CELL WITH A LIMP
AND I NOTICED HE WALKED WITH DIFFICULTY. IT
WAS OBVIOUS TO ME MR. PEREZ WAS IN PAIN. I Asked
HIM WHAT HAPPENED AND HE SHOWED ME WHAT APPEARED
TO BE A LOWER LEFT RIB THAT LOOKED TO BE DISLOCATED
OR OUT OF PLACE. HE HAD "SEVERE SWELLING AND BRUSING
THAT LASTED WEEKS", I OBSERVED SEVERE SWELLING
TO HIS LEFT LOWER RIB AND SEVERE BRUSING THERE
"AS WELL" TOWARDS HIS LOWER LEFT LEG THE SAME
SEVERE SWELLING AND BRUSING THAT LASTED

2 of 3                  CONTINUED DECLARATION OF TRUTH/

FOR WEEKS. MR. PEREZ INFORMED ME OF HOW THE
DAY BEFORE SGT. POOLE USED EXCESSIVE FORCE ON
HIM UNREASONABLY WHILE CUFFED OUTSIDE OF D-DORMITORY.
     I PERSONALLY OBSERVED MR. PEREZ WALK WITH A LIMP
AND NOTICED HE WAS IN SEVERE PAIN WHILE HOUSED TOGETHER;
IT WOULD OFTEN TAKE MR. PEREZ A WHILE TO GET OUT OF BED,
I NOTICED HIS DAILY ACTIVITIES WERE SEVERLY LIMITED AND HE
WOULD WAKE AT NIGHT WHEN HE HAD NIGHTMARES.
     MR. PEREZ TRIED REPEADEDLY TO ACCESS SICKCALLS FROM
STAFF/NURSES YET WAS IGNORED SO I GAVE HIM ONE WHICH HE
SUBMITED ON DECEMBER 12th 2019, IN THE MORNING. THAT
SAME EVENING OF DECEMBER 12th 2019, I OBSERVED MR.
PEREZ CELLFRONT D2213 SHOWING NURSE TAEGER AGAIN
HIS INJURIES FROM SGT. POOLE; HE INFORMED HER OF HIS
SEVERE PAIN AND DECLARED MEDICAL EMERGENCY
CELLFRONT D2213, NURSE TAEGER THEN ANGRILY RESPONDS
WITH "YOU ALWAYS BITCH ABOUT YOUR FUCKING LEG, I
TOLD YOU TO WRITE IT UP!" THUS FURTHER DENYING MR.
PEREZ MEDICAL ATTENTION TO A SERIOUS MEDICAL COND-
ITION.
     ALSO "SOMETIME AFTER" DECEMBER 12th 2019, DURING
A WEEKLY INSPECTION WARDEN BRYNER WAS DOING
HIS ROUNDS AND I PERSONALLY OBSERVED MR. PEREZ IN
SEVERE PAIN CELLFRONT D2213; STOPPING BRYNER TO
SHOW HIM HIS INJURIES FROM AN EXCESSIVE FORCE,
HE WAS TELLING BRYNER HE SUFFERED FROM POOLE'S FORCE.
I OBSERVED MR. PEREZ SHOW BRYNER HIS SEVERE SWELL-
ING, DISLOCATED RIB, SEVERE BRUSES TO BACK, left
LEG AND SIDE, HIS LIMP, AND DECLARE A MEDICAL
EMERGENCY BECAUSE OF HIS SEVERE PAIN. YET
MR. BRYNER WAS DELIBERATELY INDIFFERENT RESPOND-
ING TO PEREZ CELLFRONT D2213 WITH "LOOKS LIKE THEY

3 OF 3

FUCKED YOU UP, MAYBE YOUR MOTHER SHOULD
HAVE APPLIED FOR OBAMA CARE FOR YOU YOU WETBACK".
I OBSERVED HIM THEN LAUGH AND WALK AWAY, THUS
LIKE NURSE TAEGER SHOWING A DELAY AND DENYIAL
TO MR. PEREZ'S NEED FOR MEDICAL, SHOWING A
DELIBERATE INDIFFERENCE, AND A CULPABLE STATE
OF MIND TOWARDS THE SERIOUS MEDICAL NEEDS
OF PEREZ AFTER PEREZ PLACED THEM ON NOTICE OF
HIS SUBSTANTIAL RISK OF FURTHER HARM AND OR
IRREPAIRABLE HARM.
          I HAVE WITNESSED WITH FIRST HAND
PERSONAL KNOWLEDGE THESE EXAMPLES OF WIDE-
SPREAD ABUSE OF CONSTITUTIONAL VIOLATIONS
HERE AT MARTIN C.I.; KNOWN AMONG THE PENAL SYSTEM
AS MURDER MARTIN, AND THE UNWRITTEN CUSTOM
AND POLICIES OF THESE COMMON STAFF - TO INMATE
ABUSES OF DELIBERATE INDIFFERENCE TO MEDICAL NEEDS,
CODES OF SILENCE, AND EXCESSIVE FORCES, AND LAWSUITS
THAT HAVE BEEN FILED WITHIN THE LAST 5 YEARS.

          FURTHER THE AFFIANT SAYETH NAUGHT

               J U R A T
          - DECLARATION OF OATH -

UNDER THE PENALTY OF PERJURY, AND PERSUANT TO
FLORIDA STATUES § 92.525, I CERTIFY THAT THE FOREGOING
FACTS STATED HEREIN ARE TRUE, CORRECT, CERTAIN, DONE
OF MY OWN WILL, AND OF MY OWN PERSONAL KNOWLEDGE
          EXECUTED ON THIS 21ST DAY OF
JANUARY, 2020  Avion Lawson           Avion Lawson
               WITNESS SIGNATURE        # W38414

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☒ Mental Health | ☐ Dental<br>☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name Principal-<br>Adrian Perez | DC Number<br>Y51373 | Quarters<br>D-1117 | Job Assignment<br>N.A. | Date<br>11-29-20 |
|---|---|---|---|---|---|

REQUEST Att. Ms. Lee.                    Check here if this is an informal grievance ☐

ON 11/24/20 after having flashback I declared psyche and was denied by C/O Mosely; I been not only having nightmares of being tortured and beaten by police but starting on 11-24-20 I had my first flash back of the excessive force tramatic expirence I endured back in December 2019; today as well as the 24th of this month and on other days of this week I had Migranes induced by the flashbacks which caused me severe Mental Emotional pain, severe throbbing pain, blurred vision, and suffering all of which hindered simple daily activies such as reading, writing, walking, eating, and sudden movements. I certify swearing under perjury of perjury that this is all true and correct

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): Principal- AP    T.D.C U.C.C. 1-308 Under    DC#: Y51373
All rights reserved              Protest
                                DO NOT WRITE BELOW THIS LINE              Received

# RESPONSE                          DATE RECEIVED:    DEC 03 20

Mental Health

Hi Perez, thank you for your referral. I have scheduled you to be seen today, so you will be seen before you get this request back.

|The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.|

| Official (Print Name):<br>S. Lee, LCSW<br>Mental Health Professional | Official (Signature): _____ | Date: 12/4/2020 |
|---|---|---|

Original: Inmate (plus one copy)                                    Martin CI
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file          5L
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.          [Exhibit OP] 3

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)
                    Incorporated by Reference in Rule 33-103.005, F.A.C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☑ Other _Law Library_ |
|---|---|---|---|---|

| FROM: | Inmate Name **Adrian Perez** | DC Number **V51373** | Quarters **CM-2 G3202** | Job Assignment **Student** | Date **7-1-21** |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☐

Kind Regards:

It's almost impossible to obtain request forms from G-Dorm officers much less other forms and I need a DC2-530A (reasonable modification of Accomodation Request) form because I still bear majority of my weight onto my right leg I can't bear weight on left leg without severe pain, inflamation, and limping. I believe I need a cain permenantly. I've been limping for a year plus; everyday now.

I certify under penalty of perjury that the forgoing is true, correct, of my own will and done of my own knowledge, on 7/1/21 A.P.3

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _A.P3 Allrights Reserved_    DC#: _V51373_

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: **JUL 06 2021**

Provided: DC2-530A form

A law clerk will come see you☺

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): M. Spencer | Official (Signature) M Spencer | Date: JUL 13 2021 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Ex. PP-2

S-3

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

MENTAL Health
Out-Patient

| **TO:**<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☒ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Adrian Perez | DC Number<br>Y51373 | Quarters<br>G320a | Job Assignment<br>Student | Date<br>7/13/21 |
|---|---|---|---|---|---|

**REQUEST**        Check here if this is an informal grievance ☐

I certify under penalty of perjury that the following is true, and correct, done of my own will and personal knowledge, Executed on 7/13/21

I have a psycological Emergency and need to Speak to a 53 councelor; I'm having nightmares and Flashbacks about the beating I endured from officer SGT. Poole at Martin; Dealing with severe Emotional pain and severe mental Anguish and sufferings !!. Also severe physical pain on left side Torso and left leg.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): A.P.z    All rights Reserved | DC#: Y51373

**RECEIVED**
JUL 15 2021
MENTAL HEALTH
SUWANNEE CI

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: _____

you will be seen for your psychological emergency.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): J. Shoberg, PsyD | Official (Signature): | Date: 7/16/21 |
|---|---|---|

Psychologist/SWCI

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

EX PP-3

Incorporated by Reference in Rule 33-103.005, F.A.C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☒ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Adrian Perez | DC Number<br>Y51373 | Quarters<br>F4-210 | Job Assignment<br>N.A. | Date<br>11-9-21 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☐

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE AND CORRECT, DONE OF MY OWN WILL AND PERSONAL KNOWLEDGE ON THIS November NINEth twenty-twentyone 2021

I have a physical disability in which I can't fully bear my weight on my left leg because of the severe pain ( 9½ -10 on a "scale) and suffering, and Inflamation which "hinders greatly my day -to-day activities," such as walking ect. I have placed sick calls in the past mentioning this AND "THAT I NEED A CANE", just recently also Yesterday, I submitted one, explaining this. How may I recieve this Cane? without one I run a possibility of a Substantial Risk of Harm. Please help me obtain a Cane soon.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

| Inmate (Signature): _____ | DC#: Y51373 |
|---|---|

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: _____

RECEIVED DATE
NOV 1 0 2021
MEDICAL ADMINISTRATION
SUWANNEE CI

You were seen by the Sick Call Nurse today (11-18-21) and you now have a cane pass that expires 11-17-22.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): _____ | Official (Signature): Wicks | Date: 11/18/21 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

EX. PP-4

STATE OF FLORIDA
OUTPATIENT MENTAL HEALTH

DEPARTMENT OF CORRECTIONS
CASE MANAGEMENT

DATE: 2/4/20   TIME 9:56   Date of current DC4-663 (mental health consent): 12/9/19   Date of current BPSA: 04/23/13

Assigned Housing Status: [ ] General Pop   [ ] AC   [ ] DC   [ ] PM   [ ] CM   MH Grade: [ ] S-2   [x] S-3   TRD:

OBIS updated and current: [x] Yes   [ ] No; if no, update:   Reason For Encounter [ ] 30-day   [ ] 60-day   [ ] 90 days   [ ] other ____

All clinical note(s) since last case management reviewed: [x] Yes   [ ] No   [ ] NA

**SUBJECTIVE** (patient's report of current functioning): *I was harassed by an officer while*
**OBJECTIVE:** *in confinement. Every since then it has been causing anxiety and not med*

Appearance: [x] Adequately Groomed   [ ] Appropriately Attired   [ ] Disheveled   [ ] Lacking appropriate hygiene
[ ] Other (describe): _____

Behavior (check all that apply): [x] Cooperative   [ ] Calm   [ ] Psychomotor retardation   [ ] Psychomotor agitation
[ ] Hostile   [ ] Good eye contact   [ ] Intermittent eye contact   [ ] Poor eye contact   [ ] Tics/tremor   [ ] Tearful
[ ] Other (describe): _____

Alert: [x] Yes   [ ] No; if no, describe: _____

Orientation: Orientated to person, place, time, and situation?   [x] Yes   [ ] No; if no, describe disorientation: _____

Mood: [x] Euthymic/pleasant   [ ] Dysphoric/sad   [ ] Anxious   [ ] Fearful   [ ] Angry   [ ] Irritable   [ ] Apathetic
[ ] Indifferent   [ ] Labile/fluctuating   [ ] Other (describe): _____

Affect: [x] Appropriate   [ ] Broad   [ ] Constricted   [ ] Blunted   [ ] Flat
Congruent with thoughts and mood [ ] Yes   [ ] No   If no, describe: _____

Perception: [x] Denied Hallucinations w/n past 90 days   [ ] Reported hallucinations w/n past 90 days (describe):
Note type (e.g., auditory, visual, tactile, gustatory, olfactory) and context of hallucinations: _____

Note frequency and duration: No. ___ Per Day ___ Per Week ___ Per Month   Duration: _____

Currently Causing Significant Distress or Impaired Functioning: [x] Yes   [ ] No   Whether Yes or No, Explain:
_____

Speech: [x] Appropriate   [ ] Loud   [ ] Rapid   [ ] Pressured   [ ] Over-Productive   [ ] Soft   [ ] Monotonous

Thought Processes/Content: [x] Logical   [ ] Coherent   [ ] Goal-Directed   [ ] Irrational   [ ] Circumstantial
[ ] Tangential   [ ] Loose Associations   [ ] Confused   [ ] Obsessive   [ ] Delusional   [ ] Paranoid
If delusions are reported, describe type and content of delusions (i.e. grandiose, paranoid, persecutory, etc.): _____

Memory: [x] Memory functions grossly intact   Impairment in [ ] Immediate   [ ] Recent   [ ] Remote   If impaired, describe:
_____

Sleep/Appetite: Reported average number of hours of sleep per day for past 72 hours: 4 — not sleeping well
Reported average number of meals eaten per day for past 72 hours: [ 3 ]

Insight: [ ] Good   [x] Fair   [ ] Poor   Judgment: [ ] Good   [x] Fair   [ ] Poor

1501

*Ex. 4 — 1*

DC4-642D (Revised 9/8/08) Page 1 of 2

*that is why I refuse to be seen in conf*

**Suicidal/Homicidal Ideation:** Reported thoughts/plans of self-injury/homicide: [ ] Yes   [x ] Denied
(If yes, describe ideation, current and since last mental health progress note): _____

# of DC inpatient MH admissions within the past 12 months: infirmary/observation cell N/A  CSU N/A  TCU N/A  MHTF N/A

**Explain any discrepancies between current symptoms reported by the patient and what is observed clinically:**

_____

**Institutional Adjustment (if applicable, reference OBIS):**
[ ] Not Applicable   Number of DR's: 12/4/14 for month of: 12/13/14 Gain Time: 0

**ASSESSMENT:**
**Medication Compliance:** overview [x] Not Applicable   [ ] 100%  [ ] No Show for:_____ doses of: _____
[ ] Refused _____ doses of:_____
**Individual Therapy/Counseling:** topics discussed: Current Issues
participation: [ ] NA  [x ] actively engaged  [ ] moderate  [ ] low

**Group Tx attendance:** [x ] Not Applicable  [ ] Satisfactory  [ ] Unsatisfactory ____ of ____ scheduled sessions of: _____
**Overall Adjustment:** [ ] Not Applicable  [x ] Satisfactory  [ ] Unsatisfactory _____
**Overall Tx Compliance:** [x ] Satisfactory  [ ] Unsatisfactory _____

**Current Diagnosis on ISP:** [x ] Continued  [ ] Provisional Change; if modified, describe and provide clinical rationale:

F31.9 Bipolar Disorder, unspe.

**Current Symptom Severity:**
[ ] Mild – No significant impact on inmate's ability to function satisfactorily in the current outpatient setting.
[x ] Moderate – Minor impact on inmate's ability to function satisfactorily in the current outpatient setting.
[ ] Severe – Marked impact on inmate's ability to function satisfactorily in the current outpatient setting.

**Progress Toward ISP Goals (describe current severity of each problem in behavioral/measurable terms):**
ISP Problem Number(s):    Progress:
1,2,2 Mood   intensity: 7/10; frequency 4/30; duration: Varies
Coping Skills – Stay to myself for now.
**Overall Progress:** [ ] Improved Adaptive Functioning  [x ] No Change  [ ] Decline in Adaptive Functioning

**PLAN:**
[x ] continue current outpatient tx  [ ] Schedule staffing  [ ] Schedule ISP update/review  [ ] Consult with Senior Psychologist
[ ] Discontinue outpatient treatment; complete DC4-661 *Summary Of Outpatient Mental Health Care*
[ ] Start post-release (aftercare) planning for continuity of outpatient mental health care  [ ] other: _____
_____

**STAFF SIGNATURE AND STAMP:**

A. Caddie-Logan, LMHC
Mental Health Professional
Martin CI
This form is not to be amended, revised, or altered
without approval by the Office of Health
Services - Administration

Inmate Name Perez  Adrian
DC# V51373 Race/Sex W/M
Date of Birth _____
Institution Martin CI

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**

**MENTAL STATUS OF CONFINEMENT INMATES**

TO: ___Parrish___ , Classification Supervisor for Institutional Classification Team

___Martin___ Correctional Institution

FROM: Mental Health Services

DATE: ___12/9/19___

SUBJECT: Inmate Name ___Perez, Adrian___   DC# ___Y51373___

(Check)   ☐ AC   ☒ DC   ☐ PM   ☐ CM

The above-referenced inmate has been in confinement, protective management, or close management continuously since ___12/4/19___ (date). Mental health staff interviewed the inmate on ___12/9/19___ (date) and wish to advise (check appropriately):

☐ The inmate shows no signs of significant mental or emotional impairment.

☒ The inmate shows signs of mild to moderate mental or emotional impairment which can be managed on an outpatient basis. Mental health staff will provide necessary outpatient mental health care.

☐ The inmate shows symptomatology that requires inpatient mental health care, and s/he has been referred for admission to the infirmary transitional care unit or crisis stabilization unit.

☐ Recommendations(s): _____

_____

_____

**S. Lee, LCSW**
**Mental Health Professional**
**Martin CI**

Staff Signature and Stamp

Distribution:  Original—Institutional Classification Team
via Classification Supervisor
Canary—Health Record (Other MH Related
Correspondence)

TM 40 12/17/2013

IAN

23) PP

Martin

This form is not to be amended, revised, or altered without
approval by the Office of Health Services-Administration

EX. A-2

FLORIDA DEPARTMENT OF CORRECTIONS
PSYCHIATRIC FOLLOW-UP                                      Level of Care: ☑ Outpatient  ☐ TCU  ☐ CSU  ☐ CMHTF

DATE: 1/6/20   TIME: 0820          MH grade on "Health Services Profile" DC4-706 __3__

REVIEW OF PROGRESS NOTE(S) SINCE LAST PSYCHIATRIC FOLLOW-UP?  ☑ YES  ☐ NO  ☐ N/A
REVIEW OF INPATIENT DISCHARGE SUMMARY SINCE LAST FOLLOW-UP?  ☐ YES  ☐ NO  ☑ N/A

SUBJECTIVE (patient's report of current functioning): _____

"I am not having a good time in Confinement, it's a very
stressful environment, hoping for better days"

OBJECTIVE:
Appearance: ☐ Adequately Groomed  ☑ Appropriately Attired  ☐ Disheveled  ☐ Lacking appropriate hygiene
☐ Other (describe): _____

Behavior (check all that apply): ☑ Cooperative  ☑ Calm  ☐ Psychomotor retardation  ☐ Psychomotor agitation
☐ Hostile  ☑ Good eye contact  ☐ Intermittent eye contact  ☐ Poor eye contact  ☐ Tics/tremors  ☐ Tearful
☐ Other (describe): _____

Alert: ☑ Yes  ☐ No; if no, describe: _____

Orientation: ☑ Orientated to person, place, time, and situation?  ☑ Yes  ☐ No; describe: _____

Mood: ☐ Euthymic/pleasant  ☐ Dysphoric/sad  ☑ Anxious  ☐ Fearful  ☐ Angry  ☑ Irritable  ☐ Elated  ☐ Indifferent
☐ Labile/fluctuating  ☐ Other (describe): _____

Affect: ☑ Appropriate  ☐ Broad  ☐ Constricted  ☐ Blunted  ☐ Flat  ☐ Other (describe): _____
Congruent with thoughts and mood ☑ Yes  ☐ No  If no, describe: _____

Perception: ☑ Denied Hallucinations since last psychiatric visit  ☐ Reported hallucinations since last psychiatric visit (describe):
Note type (e.g., auditory, visual, tactile, gustatory, olfactory) and content of hallucinations: __n/a__

Note frequency and duration: No. ___ Per Day ___ Per Week ___ Per Month  Duration: _____
Currently Causing Significant Distress or Impaired Functioning? ☐ Yes  ☐ No          n/a
Describe: _____

Speech: ☑ Appropriate  ☐ Loud  ☐ Rapid  ☐ Pressured  ☐ Over-Productive  ☐ Soft  ☐ Monotonous

Thought Processes/Content: ☐ Logical  ☑ Coherent  ☑ Goal-Directed  ☐ Irrational  ☐ Circumstantial  ☐ Tangential
☐ Loose Associations  ☐ Confused  ☐ Obsessive  ☐ Paranoid  ☐ Delusional (describe below)
Note type and content of delusions (i.e. grandiose, paranoid, persecutory, etc.): _____

Memory: ☑ Memory functions grossly intact  Impairment in ☐ Immediate  ☐ Recent  ☐ Remote  If impaired, describe: _____

Sleep/Appetite:  Reported average number of hours of sleep per day for past 72 hours: _4-5 sec_
                 Reported average number of meals eaten per day for past 72 hours: _3_

Insight: ☐ Good  ☑ Fair  ☐ Poor     Judgment: ☐ Good  ☑ Fair  ☐ Poor

Suicidal/Homicidal Ideation:  Reported thoughts/plans of self-injury/homicide: ☐ Yes  ☑ Denied
(If yes, describe ideation, current and since last mental health progress note): _____

0-Y51373 TM 40 12/17/2013

Inmate Name
DC# ___  PEREZ, ADRIAN
Date of Birth
Institution ___  W/M DOB 06/22/1990 (23) PP
DC4-642A (Revised 12/1/1) Page 1 of 2

This form is not to be amended, revised, or altered
without approval of the Chief of Health
Services Administration.

EXHIBIT
A3

FLORIDA DEPARTMENT OF CORRECTIONS

**HEALTH**

**CASE MANAGEMENT**

__15:50__  Date of current DC4-663 (mental health consent): __12/9/19__ Date of current BPSA: __04/23/13__

[X] General Pop [ ] AC  [ ] DC  [ ] PM  [ ] CM    MH Grade: [ ] S-2  [X] S-3  TRD: __11/16/33__

t: [X] Yes  [ ] No; if no, update:  Reason For Encounter [ ] 30-day  [X] 60-day  [ ] 90 days [X] other __MHT-62__

..... since last case management reviewed: [X] Yes  [ ] No  [ ] NA    MHM - inmate request

---

**SUBJECTIVE** (patient's report of current functioning): Heard from Brother that his mom is in the hospital - psychiatric/cardio admission. Things got more intense w/ this Corona

---

**OBJECTIVE:**

**Appearance:** [X] Adequately Groomed  [ ] Appropriately Attired  [ ] Disheveled  [ ] Lacking appropriate hygiene
[ ] Other (describe): _____

**Behavior** (check all that apply): [X] Cooperative  [ ] Calm  [ ] Psychomotor retardation  [ ] Psychomotor agitation
[ ] Hostile  [X] Good eye contact  [ ] Intermittent eye contact  [ ] Poor eye contact  [ ] Tics/tremor  [ ] Tearful
[ ] Other (describe): _____

**Alert:** [X] Yes  [ ] No; if no, describe: _____

**Orientation:** Orientated to person, place, time, and situation? [X] Yes  [ ] No; if no, describe disorientation: _____

**Mood:** [ ] Euthymic/pleasant  [ ] Dysphoric/sad  [X] Anxious  [ ] Fearful  [ ] Angry  [ ] Irritable  [ ] Apathetic
[ ] Indifferent  [ ] Labile/fluctuating  [ ] Other (describe): _____

**Affect:** [X] Appropriate  [ ] Broad  [ ] Constricted  [ ] Blunted  [ ] Flat
Congruent with thoughts and mood [X] Yes  [ ] No  If no, describe: _____

**Perception:** [X] Denied Hallucinations w/n past 90 days  [ ] Reported hallucinations w/n past 90 days (describe):
Note type (e.g., auditory, visual, tactile, gustatory, olfactory) and context of hallucinations: _____

Note frequency and duration:  No. ___  Per Day ___  Per Week ___  Per Month  Duration: _____  N/A

Currently Causing Significant Distress or Impaired Functioning: [ ] Yes  [ ] No  Whether Yes or No, Explain: _____

**Speech:** [X] Appropriate  [ ] Loud  [ ] Rapid  [ ] Pressured  [ ] Over-Productive  [ ] Soft  [ ] Monotonous

**Thought Processes/Content:** [X] Logical  [X] Coherent  [X] Goal-Directed  [ ] Irrational  [ ] Circumstantial
[ ] Tangential  [ ] Loose Associations  [ ] Confused  [ ] Obsessive  [ ] Delusional  [ ] Paranoid
If delusions are reported, describe type and content of delusions (i.e. grandiose, paranoid, persecutory, etc.): _____

**Memory:** [X] Memory functions grossly intact  Impairment in [ ] Immediate  [ ] Recent  [ ] Remote  If impaired, describe: _____

EX A-4

**Sleep/Appetite:** Reported average number of hours of sleep per day for past 72 hours: __1-3__

This form is not to be amended, revised, or altered without approval of the Director of Health Services Administration.

Reported average number of meals eaten per day for past 72 hours: [ 3 ]
Insight: [ ] Good [X] Fair [ ] Poor    Judgment: [ ] Good [X] Fair [ ] Poor

Suicidal/Homicidal Ideation:   Reported thoughts/plans of self-injury/homicide: [ ]Yes [X]Denied
(If yes, describe ideation, current and since last mental health progress note): _____
_____
_____

# of DC inpatient MH admissions within the past 12 months: infirmary/observation cell ___CSU ___ TCU ___MHTF ___

Explain any discrepancies between current symptoms reported by the patient and what is observed clinically:
_____
_____ N/A _____
_____

Institutional Adjustment (if applicable, reference OBIS):
[ ] Not Applicable   Number of DR's: ___ 0 ___ for month of: February    Gain Time: ___ 10 ___

**ASSESSMENT:**
                                                                      Vistaril
Medication Compliance: [ ] Not Applicable   [ ] 100% [ ] No Show for:_____ doses of: Trileptal
[ ] Refused _____ doses of:_____
Individual Therapy/Counseling: topics discussed _anxiety, management /patient_
_receptive to intervention_____ participation: [ ] NA [ ] actively engaged [X] moderate [ ] low

Group Tx attendance: [X] Not Applicable   [ ] Satisfactory   [ ] Unsatisfactory ____ of ____ scheduled sessions of: ____
Overall Adjustment: [ ] Not Applicable   [X] Satisfactory   [ ] Unsatisfactory _____
Overall Tx Compliance: [X] Satisfactory   [ ] Unsatisfactory _____

Current ICD-10 Diagnosis on ISP: [X] Continued   [ ] Provisional Change; if modified, describe and provide clinical rationale:
F31.9  Bipolar I & D/O unspecified_____
~~_____~~

Current Symptom Severity:
[ ] Mild – No significant impact on inmate's ability to function satisfactorily in the current outpatient setting.
[X] Moderate – Minor impact on inmate's ability to function satisfactorily in the current outpatient setting.
[ ] Severe – Marked impact on inmate's ability to function satisfactorily in the current outpatient setting.

Progress Toward ISP Goals (describe current severity of each problem in behavioral/measurable terms):
ISP Problem Number(s):    Progress:
#3_ Mood swings 1 to 2 x w/ week intensity 5 to 7/10_____
_____
_____

Overall Progress: [ ] Improved Adaptive Functioning [X] No Change   [ ] Decline in Adaptive Functioning

**PLAN:**
[X] continue current outpatient tx [ ] Schedule staffing   [ ] Schedule ISP update/review   [ ] Consult with Senior Psychologist
[ ] Discontinue outpatient treatment; complete DC4-661 Summary Of Outpatient Mental Health Care
[ ] Start post-release (aftercare) planning for continuity of outpatient mental health care [ ] other: _____
_____
_____

STAFF SIGNATURE AND STAMP:

Inmate Name _Corey Adrian_
DC# _45 13755_          Race/Sex _H/M_       J. Frank, LMHC          This form is not to be amended, revised, or altered
Date of Birth ▓▓▓▓▓▓▓▓                        Mental Health Professional   without approval by the Director of Health
Institution _MATC_                            MARTIN C I                Services Administration.

DC4-642D (Revised 10/3/14) Page 2 of 2

This form is not to be amended revised, or altered without approval of the Director of Health Services Administration.

1494

OUTPATIENT MENTAL HEALTH

FLORIDA DEPARTMENT OF CORRECTIONS
CASE MANAGEMENT

DATE: 6/3/2020 TIME: 0712 Date of current DC4-663 (mental health consent): 12/9/19 Date of current BPSA: 4/23/13

Assigned Housing Status: [✓] General Pop [ ] AC [ ] DC [ ] PM [ ] CM    MH Grade: [ ] S-2 [✓] S-3  TRD: 10/27/33

OBIS updated and current: [✓] Yes [ ] No; if no, update: Reason For Encounter [ ] 30-day [ ] 60-day [ ] 90 days [✓] other MH714

All clinical note(s) since last case management reviewed: [✓] Yes [ ] No [ ] NA

**SUBJECTIVE** (patient's report of current functioning): "I've been manic, very manic" "Less sleep for about a month now, my thoughts are constant & too fast" "and this shit (COVID-19 + rioting) has me scared" "tomorrow is not promised, I miss my Mom" "I feel so comfortable & you, I hope I can stay on your caseload (This MHP is covering for another out on leave)" "I wish hugs were allowed, I need a hug." "I haven't hugged my Mom in years"

**OBJECTIVE**

Appearance: [✓] Adequately Groomed [✓] Appropriately Attired [ ] Disheveled [ ] Lacking appropriate hygiene
[ ] Other (describe): _____

Behavior (check all that apply): [✓] Cooperative [✓] Calm [ ] Psychomotor retardation [ ] Psychomotor agitation
[ ] Hostile [✓] Good eye contact [ ] Intermittent eye contact [ ] Poor eye contact [ ] Tics/tremor [ ] Tearful
[✓] Other (describe): Hypomanic

Alert: [✓] Yes [ ] No; if no, describe: _____

Orientation: Orientated to person, place, time, and situation? [✓] Yes [ ] No; if no, describe disorientation: _____

Mood: [✓] Euthymic/pleasant [ ] Dysphoric/sad [ ] Anxious [ ] Fearful [ ] Angry [ ] Irritable [ ] Apathetic
[ ] Indifferent [ ] Labile/fluctuating [ ] Other (describe): _____

Affect: [✓] Appropriate [✓] Broad [ ] Constricted [ ] Blunted [ ] Flat
Congruent with thoughts and mood [✓] Yes [ ] No If no, describe: _____

Perception: [✓] Denied Hallucinations w/n past 90 days [ ] Reported hallucinations w/n past 90 days (describe):
Note type (e.g., auditory, visual, tactile, gustatory, olfactory) and context of hallucinations:
_____
_____

Note frequency and duration: No. ___ Per Day ___ Per Week ___ Per Month  Duration: _____

Currently Causing Significant Distress or Impaired Functioning: [ ] Yes [ ] No  Whether Yes or No, Explain:
_____

Speech: [✓] Appropriate [ ] Loud [✓] Rapid [ ] Pressured [✓] Over-Productive [ ] Soft [ ] Monotonous

Thought Processes/Content: [✓] Logical [✓] Coherent [✓] Goal-Directed [ ] Irrational [ ] Circumstantial
[✓] Tangential [✓] Loose Associations [ ] Confused [ ] Obsessive [ ] Delusional [ ] Paranoid
If delusions are reported, describe type and content of delusions (i.e. grandiose, paranoid, persecutory, etc.): _____

Memory: [✓] Memory functions grossly intact  Impairment in [ ] Immediate [ ] Recent [ ] Remote  If impaired, describe:
_____
_____

EX. A5

Sleep/Appetite: Reported average number of hours of sleep per day for past 72 hours: [ ] 4° during day.

DC4-642D (Revised 10/3/14) Page 1 of 2

148

This form is not to be amended, revised, or altered without approval of the Director of Health Services Administration.

Reported average  number of meals eaten per day for past 72 hours:  [ 3 ]

Insight: [√] Good   [ ] Fair   [ ] Poor       Judgment: [√] Good   [ ] Fair   [ ] Poor

Suicidal/Homicidal Ideation:   Reported thoughts/plans of self-injury/homicide: [ ] Yes   [√] Denied
(If yes, describe ideation, current and since last mental health progress note): _____

_____

# of DC inpatient MH admissions within the past 12 months: infirmary/observation cell __0__ CSU __0__ TCU __0__ MHTF __0__

Explain any discrepancies between current symptoms reported by the patient and what is observed clinically:

_____

Institutional Adjustment (if applicable, reference OBIS):

[ ] Not Applicable   Number of DR's: _____ for month of: _____   Gain Time: ___10___

## ASSESSMENT:

Medication Compliance: [ ] Not Applicable   [√] 100%   [ ] No Show for: _____   doses of: Trileptal / Vistaril

[ ] Refused _____ doses of: _____

Individual Therapy/Counseling: topics discussed _Therapeutic boundaries, Triggers for mania: "Covid + violence"_   participation: [ ] NA [√] actively engaged [ ] moderate [ ] low

Group Tx attendance: [√] Not Applicable   [ ] Satisfactory   [ ] Unsatisfactory _3_ of _3_ scheduled sessions of: Life Skills

Overall Adjustment: [ ] Not Applicable   [ ] Satisfactory   [ ] Unsatisfactory _____

Overall Tx Compliance: [ ] Satisfactory   [ ] Unsatisfactory

Current ICD-10 Diagnosis on ISP: [√] Continued   [ ] Provisional Change; if modified, describe and provide clinical rationale:
_____ F319, Bipolar _____

_____ Group suspended 20 Covid-19 _____

Current Symptom Severity:

[√] Mild – No significant impact on inmate's ability to function satisfactorily in the current outpatient setting.

[√] Moderate – Minor impact on inmate's ability to function satisfactorily in the current outpatient setting.

[ ] Severe – Marked impact on inmate's ability to function satisfactorily in the current outpatient setting.

Progress Toward ISP Goals (describe current severity of each problem in behavioral/measurable terms):

ISP Problem Number(s): _____ Progress:                                    4-5
105 anx — daily, up to half/day, /10 intensity
132 Mood Swings daily, married, all day, 05/10 intensity.

Coping Skills: Guided imagery & meditation + hope + Legal case work

Overall Progress: [ ] Improved Adaptive Functioning  [√] No Change   [ ] Decline in Adaptive Functioning

## PLAN:

[√] continue current outpatient tx  [ ] Schedule staffing   [ ] Schedule ISP update/review   [ ] Consult with Senior Psychologist
[ ] Discontinue outpatient treatment; complete DC4-661 Summary Of Outpatient Mental Health Care
[ ] Start post-release (aftercare) planning for continuity of outpatient mental health care   [ ] other: S. Lee, LCSW

Mental Health Professional

Martin CI

0-Y51373 TM 40 12/17/2013

ST

PEREZ, ADRIAN

Inm

DC# W/M DOB _____(23)  PP __/__

Date of Birth

Institution ___Martin___

This form is not to be amended, revised, or altered
without approval of the Director of Health
Services Administration.

Shu LCSW

DC4-642D (Revised 10/3/14) Page 2 of 2

1482

This form is not to be amended, revised, or altered without approval of the Director of Health Services Administration.

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**

## MENTAL STATUS OF CONFINEMENT INMATES

TO: _Harris_ , Classification Supervisor for Institutional Classification Team

_Martin_ Correctional Institution

FROM: Mental Health Services

DATE: _6/19/2020_

SUBJECT: Inmate Name _Perez, Adrian_ DC# _Y51373_

(Check)  ☒ AC   ☐ DC   ☐ PM   ☐ CM

The above-referenced inmate has been in confinement, protective management, or close management continuously since _6/14/2020_ (date). Mental health staff interviewed the inmate on _6/19/2020_ (date) and wish to advise (check appropriately):

☐ The inmate shows no signs of significant mental or emotional impairment.

☒ The inmate shows signs of mild to moderate mental or emotional impairment which can be managed on an outpatient basis. Mental health staff will provide necessary outpatient mental health care.

☐ The inmate shows symptomatology that requires inpatient mental health care, and s/he has been referred for admission to the infirmary transitional care unit or crisis stabilization unit.

☐ Recommendations(s):_____

_____

S. Lee, LCSW
Mental Health Professional
Martin CI

Staff Signature and Stamp

0-Y51373 TM 40 12/17/2013

Inm: PEREZ, ADRIAN
DC# W/M DOB _____ 23) PP
Date of birth
Institution _Martin_

Distribution: Original—Institutional Classification Team
via Classification Supervisor
Canary—Health Record (Other MH Related Correspondence)

This form is not to be amended, revised, or altered without approval by the Office of Health Services-Administration

DC4-528 (Revised 9/23/08)

(EX.A-6
1547

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

MENTAL STATUS OF CONFINEMENT INMATES

TO:        J. Leavy          Classification Supervisor for Institutional Classification Team

           R. Lutz           Correctional Legitimate

FROM:      Mental Health Services

DATE:      6/13/2020

SUBJECT:   Inmate Name: [illegible]              DC # V51212

(Check)    ☒ AC    ☐ DC    ☐ PM    ☐ CM

The above-referenced inmate has been in confinement, restrictive management, or close management
continuously since   6/11/2020   (date). Mental health staff interviewed the inmate on
6/11/2020   (date) and wish to advise (check appropriate):

☐  The inmate shows no signs of significant mental or emotional impairment.

☒  The inmate shows signs of mild to moderate mental or emotional impairment which can be managed
    on an outpatient basis. Mental health staff will provide necessary outpatient mental health care.

☐  The inmate shows symptomatology that requires inpatient mental health care, and s/he has been
    referred for admission to the infirmary transitional care unit or crisis stabilization unit.

☐  Recommendation(s):

_____

_____

_____

S. Lee, LCSW
Mental Health Professional
Martin CI

_____        Staff Signature and Stamp

Distribution: Original - Institutional Classification Team
              via Classification Supervisor
              Canary - Health Record in blue MH Section
              (Correspondence)

Inmate Name: _____
DC# _____    Race/Sex _____
Date of Birth _____
Institution _____   MTN

This form is not to be unstapled or read, nor is it to be
retained by the Office of Health Services Administration, etc.

DC4-529 (Revised 9/25/08)
1548

# TridentCare
## IMAGING℠

SOUTH EAST REGION
4400 140TH AVE
CLEARWATER, FL 33760
(800) 940-0389

9936-MARTIN CI

1150 SW ALLPATTAH ROAD
INDIANTOWN. FL 349564310

| | | | | | |
|---|---|---|---|---|---|
| Claim Number : | 32863461 | | | | |
| Date of Service : | 07/06/2020 | | **MRN** | Y51373 | |
| Patient Name : | **PEREZ, ADRIAN** | | **DOB :** | 06/22/1990 | Gender : M |
| Sonographer: | MARICLARE GUDAS | | **Room::** | | |
| Ordering Provider: | MICHAEL A SMITH, PAC - (NPI: 1770853046) | | | | |
| Interpreting Physician: | KEVIN K DRAKE, MD - (NPI: 1568472389) | | | | |
| Report Date: | 7/7/2020 5:35:09 AM | | | | |

## DOPPLER REPORT

VENOUS DOPPLER EXTREM/LIM, LEFT

Results: Left Lower Extremity Venous Duplex Ultrasound: The left common femoral,
saphenofemoral junction, proximal superficial femoral, mid superficial femoral,
distal superficial femoral, popliteal, peroneal, and posterior tibial veins are
patent with normal flow, augmentation, and compressibility. There are numerous
superficial varicose veins in the popliteal fossa region. Several of the varicose
veins are partially thrombosed.

Conclusion: 1. There is no deep venous thrombosis of the left lower extremity.
2. There are partially thrombosed varicose veins in the popliteal fossa region.
3. No significant change has taken place since 4/29/2019.

Electronically signed by KEVIN DRAKE, M.D. 7/7/2020 5:35:09 AM EDT.

NORMAL INSIGNIFICANT
ABNORMAL SIGNIFICANT
Ab NORMAL SIGNIFICANT

DR. Y. RESILARD
CHIEF HEALTH OFFICER
MARTIN C.I.

CONFIDENTIALITY NOTICE: This report (including any accompanying files or documents) is intended for the use of TridentCare or the intended recipient, and may
contain information that is privileged or otherwise confidential. If you are not the intended recipient, or person responsible for delivering this report to the intend
recipient, be advised that any review, dissemination, distribution, printing or copying of this report (including any accompanying files or documents) is strictly
prohibited. If you received this report in error, please immediately notify the TridentCare Privacy Office toll free at 866.686.1717, and providing your name, telephone
number and the date and destroy this report (including any accompanying files or documents).

*If you have questions regarding these results or would like to consult with a Rely Radiologist please call  972-468-3590*

Page  1  of  1

Exhibit RR



**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
**FRACTURE/DISLOCATION/SPRAIN PROTOCOL**
NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

**SUBJECTIVE:** Date: 6/29/21 Time: 1415 Age: 30 ☐ Sick Call ☒ EMID
Chief Complaint: (R) knee Pain D/T verdicose veins
Allergies: NKDA
Current Medications: Trileptal y Vistaril
Date of last Tetanus Toxoid: 3-17-18
Mechanism of injury (MOI): unknown
Hx of previous dislocations? ☒ No ☐ Yes → Joint/s involved: _____ When? _____
Location of pain: (R) knee    Pain level: ☐0 ☐1 ☐2 ☐3 ☐4 ☐5 ☐6 ☒7 ☐8 ☐9 ☐10

**OBJECTIVE:** Temp 98.3 Pulse 63 Resp: 16 Blood Pressure: 111/56 O2 sat: ___ % Weight: 175
Pulse distal to injury: ☐ Present ☐ Absent ☐ N/A (fingers/toes) Quality: ☐ Strong ☐ Moderate ☐ Weak
Pallor: Color of skin around the injury site: ☐ Pink ☒ Pale ☐ White ☐ Ecchymotic ☐ Hematoma
    Temperature of skin around the injury site: ☒ Warm ☐ Cool ☐ Cold
    Capillary refill (blanching) test: ☒ Less than 2 seconds ☐ Greater than 2 seconds
Paresthesia: Extremity numbness? ☒ No ☐ Yes  Extremity tingling? ☒ No ☐ Yes
Paralysis: Is patient able to move affected extremity (i.e., pt. is able to bend elbow, wiggle fingers, etc.)? ☐ No ☒ Yes
Swelling: ☐ None ☐ Mild ☒ Moderate ☐ Severe
Deformity present: ☒ No ☐ Yes If yes, describe:
Skin intact: ☐ No ☒ Yes → ☐ Abrasion ☐ Laceration → Use also "Abrasion/laceration Protocol," DC4-683V/ for appropriate care.
Bleeding: ☒ N/A ☐ No ☐ Yes → Use also "Abrasion/Laceration Protocol" DC4-683V for appropriate care.
Additional comments/findings: Inmate is unable to walk 5 experiencing Pain

**FINDINGS REQUIRING IMMEDIATE CLINICIAN NOTIFICATION**
☐ Patient has possible fracture and/or dislocation
☐ Patient has poor color, temperature, or sensation of affected limb.
☐ Bleeding not controlled with 10 minutes of direct pressure.

**PLAN**
☒ Clinician notified: MR Smith    Time: 15:10
☐ Orders from clinician:
☐ EMS activated as ordered.
☐ Control bleeding with direct pressure for 10 minutes to bleeding site.
☐ Splint joint above and below suspected fracture/dislocation site.
☐ Apply arm sling
☒ Elevate affected limb.
☐ Apply covered ice pack to affected area for 15 – 20 minutes.
☐ Give ibuprofen 200mg 2-3 tablets by mouth for pain OR ☐ acetaminophen 325mg 2 tablets by mouth for pain now
☐ Give T-Dap* 0.5mg IM or Td 0.5cc IM as prescribed by clinician.
☐ Apply ace wrap PRN (wrap distal to proximal, i.e., wrap up toward the heart)
☐ Provide crutches PRN
☒ Recheck affected distal pulse prior to discharge: ☒ Strong ☐ Moderate ☐ Weak
☐ Issue Pass: _____ ☐ Other: _____
☒ Ted Hose 2 Pass
* If inmate has no record or history of receiving the Tdap vaccine (vaccine released in 2005), then Tdap should be given. If inmate has a history of receiving the Tdap vaccine, then give the Td vaccine. At this time, Tdap is licensed for only one lifetime dose per person.

(Continued on back....) 11 Ted Hose given

X Adrian Perez

INMATE NAME 0-Y51373 TM 40 12/17/2013
DC#:
DATE OF BIRT PEREZ, ADRIAN
INSTITUTION:

DC4-683J (Rev.) W/M DOB ____ (23) PP    Page 1 of 2
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration. 1319

EX. RR

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
**FRACTURE/DISLOCATION/SPRAIN PROTOCOL**
**NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.**

---

**EDUCATION**

☑ Inmate instructed to report any skin discoloration (i.e., increasing paleness), coolness, tingling, numbness, or increase in pain (severe) in affected extremity IMMEDIATELY.
☑ Inmate instructed to keep extremity elevated as much as possible for the next 48-72 hours.
☑ Inmate instructed to apply <u>covered</u> ice pack to injury site for 15-20 minutes 3-4 times a day for the first 48 – 72 hours.
☐ Inmate instructed to apply warm, moist towel to injury site for 15-20 minutes 3-4 times a day for comfort after 72 hours.
☐ Inmate instructed on the use of crutches or other assistive devices when applicable.
☐ Inmate instructed on cast care when applicable.
☐ Inmate instructed on the proper way to apply ace wrap.
☐ Other: _____

SIGNATURE/STAMP of person completing form

*Waite RN*

**RN OR CLINICIAN REVIEWER**

P. WAITE, R.N.
MARTIN C.I.

INMATE NAME: Perez Adrian
DC#: 45137 RACE: B SEX: M
DATE OF BIRTH
INSTITUTION: Martin CI

This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.
1320

FLORIDA DEPARTMENT OF CORRECTIONS
HEALTH SLIP/PASS

The below-named inmate is authorized for:

☒ Bed rest lay-in    From 4/8/19 To 4/17/19
☐ Low/bottom bunk    From _____ To _____
☐ No shave           From _____ To _____
☐ Restricted activity From _____ To _____
☐ Restrictions:

☐ Other:             From _____ To _____

Inmate Perez Adrian
DC# Y-51373   R/S
Date of Birth _____  Date:
Institution

Health Slip/Pass
DC4-701D (2/96)   White/Medical Yellow/Security Pink/Inmate

---

FLORIDA DEPARTMENT OF CORRECTIONS
HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in    From _____ To _____
☒ Low/bottom bunk    From 4/19/19 To 5/19/19
☐ No shave           From _____ To _____
☐ Restricted activity From _____ To _____
☐ Restrictions:

☒ Other: crutches    From 4/9/19 To 5/7/19

0-Y51373 TM 40 12/17/2013
PEREZ, ADRIAN
W/M DOB _____ (23) PP

Health Slip/Pass   Martin C.I.
DC4-701D (2/96)   White/Medical Yellow/Security Pink/Inmate

---

FLORIDA DEPARTMENT OF CORRECTIONS
HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in    From _____ To _____
☐ Low/bottom bunk    From _____ To _____
☐ No shave           From _____ To _____
☐ Restricted activity From _____ To _____
☐ Restrictions:

☒ Other:             From 6/29/ To 6/28/

Inmate PEREZ ADRIAN
DC# 51373   R/S
Date of Birth _____
Institution MARTIN C.I.   Date: 6/29/16

A. Smith
PA
Martin C.I.

Health Slip/Pass
DC4-701D (2/96)   White/Medical Yellow/Security Pink/Inmate

---

FLORIDA DEPARTMENT OF CORRECTIONS
MEDICAL/MEDICATION APPOINTMENT SLIP

You have an appointment for the following reason(s):

☐ Medical pick-up at pharmacy before:
   (date)   (time)

☐ Medical appt.    (date)   (time)
☐ Dental appt.     (date)   (time)
☐ Mental health appt. (date)   (time)
☐ (other-specify)  (date)   (time)

Comments:

Provider:

(Inmate signature) (date)
Failure to report for your appointment may result in disciplinary action.

Inmate Name PEREZ ADRIAN
DC# Y-51373
Date of Birth _____
Institution Martin C.I.   Housing Unit

DC4-744 (Revised 12/03)
White—Medical Record   Canary—Appt. File   Pink—Inmate

---

FLORIDA DEPARTMENT OF CORRECTIONS
HEALTH SLIP/PASS

The below-named inmate is authorized for:

☐ Bed rest lay-in    From _____ To _____
☐ Low/bottom bunk    From _____ To _____
☐ No shave           From _____ To _____
☐ Restricted activity From _____ To _____
☐ Restrictions:

☒ Other:             From 4/18/19 To 4/25/19

Inmate Perez Adrian
DC# Y51373   R/S
Date of Birth _____
Institution

Health Slip/Pass
DC4-701D (2/96)   White/Medical Yellow/Security Pink/Inmate

Ex. RR

Pages=52.00
X   0.15 cents
260.00
520.00
+   600.00
100.000.00
$780.00
11

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: _August 15th 2019_   Time: _8:30 AM_

Inmate Name: _Adrian Perez_   DC#: _V51373_

Housing assignment: _G1102.4_

Job assignment: _House MAN_

Problem:

☐   Pass/pass renewal

☐   Medication renewal

☐   Need information (explain): _____

☐   Mental Health

☐   Dental

☒   Medical (explain): _I NEED Medical Attention for_
_MY Thrombosis. I hAVE SEVERE SWELLING And_
_PAIN behind MY LEFT KNEE. MY LEFT LEG_
_LOOKS SWOLLEN Behind The KNEE. It's_
_DOCUMENTED IN MY JACKET That this has_
_caused ME to END up IN CRUTCHES AND_
_A CANE IN the past So I ASK for_
_immEDiATE RELiEF_

When did problem/symptoms start? _This MORNING_

_____
_____
_____
_____

Inmate Name _Adrian PEREZ_
DC# _V51373_   Race/Sex _W/M_
Date of Birth _06-22-1990_
Institution _MCI_

Distribution:  Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise
destroy copy)
This form is not to be amended, revised, or altered
without approval by the Office Health Services-
Administration

Ex.B

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: OCTOBER 20th 2019    Time: 12:00 PM

Inmate Name: Adrian Perez    DC#: Y51373

Housing assignment: G1102U

Job assignment: HOUSEMAN

Problem:

☐ Pass/pass renewal

☐ Medication renewal

☐ Need information (explain):

☐ Mental Health

☐ Dental

☒ Medical (explain): MY PAIN AND SWELLING has INCREASED Since I lAst submitted A sick cAll And hAve NOT bEEN SEEN YE+. I FEAR A blood clo+ IN the VIEN HAS CAUSED the SWELLING And INFlAmATION +o MY LEFT LEg behind the leFt KNEE. I FEEl like Im being IgNoREd, like IM being delAYed And deNied TREATMENT, This is CAUSING ME EmotioNAl PAIN And MENTAl ANguiSh

When did problem/symptoms start? ON ThE MORNINg OF August 15th 2019

Inmate Name Adrian Perez
DC# Y51373    Race/Sex H/M
Date of Birth 06-22-1990
Institution M.C.I

Distribution: Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise destroy copy)
This form is not to be amended, revised, or altered without approval by the Office Health Services-Administration

Ex. B

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
# INMATE SICK-CALL REQUEST

Date: Nov. 15. 2019          Time: 3:00 PM

Inmate Name: Adrian Perez      DC#: Y51373

Housing assignment: G-1102L

Job assignment: HOUSE MAN

Problem:

☐   Pass/pass renewal

☐   Medication renewal

☐   Need information (explain):

☐   Mental Health

☐   Dental

☑   Medical (explain): I HAVE Submitted two prior Sickcalls
ONE IN AUgust 15th 2019 AND Another oN October
20th 2019 for the Same problem. I hAVE DEEP
VEIN thrombosis, I AM IN SEVERE PAIN NOW
AND hAVE SEVERE INflamation, I might have
a blood clot causing the VEINS behind MY left
Knee to Swell. I hAVE A grave Serious INJury
This is MY third time REQuesting help.

When did problem/symptoms start? AROUND August 15th 2019
Swelling, Pain  limited movement sometimes
I limp it hu  so bad.

Inmate Name Adrian Perez
DC# Y51373          Race/Sex H/M
Date of Birth 06-22-1990
Institution M.C.I

Distribution:  Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise
destroy copy)
This form is not to be amended, revised, or altered
without approval by the Office Health Services
Administration

Ex. B

**DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
# INMATE SICK-CALL REQUEST

Date: December 12th 2019     Time: 7:30 AM

Inmate Name: Adrian Perez     DC#: Y51373

Housing assignment: D2213

Job assignment: N.A.

Problem:

☐ Pass/pass renewal

☐ Medication renewal

☐ Need information (explain):

☐ Mental Health

☐ Dental

☑ Medical (explain): I hAVE plAced 3 SiCK CAlls: 1) on August 15th, 2) on October 20th, 3) November 15th of this yEAR foR DEED VEIN thrombosis (which is on my jackEt) AND youR AWARE of the pAIN AND SEVERE SWEllING It CAUSES, The TED hose hAS Not bEEN WorkING IN the pASt AND hAS NOt bEEN brought to ME SincE I'VE bEEN IN CoNfiNEmENt, I DEClAREd MEdicAl EMERGENCY To TAEGER ON the EVENING of DEc. 4th 2019 AND WAS DENIED AftER ShowING HER BruisES, MY LEG DISLOCATED Rib, SEVERE SWEllING, AND SEVERE ExcruciAtiNE PAIN.

When did problem/symptoms start? ON The MORNING OF DECEMBER 4th WHEN SGT. POOLE SlAmmED ME ON the grouND WhilE I WAS IN CUFFS AND bEAt ME, then RAmED ME towARDS A WAll bEAtiNG ME SOME MORE, CAUSING AN EXCACERbAtEd INJury, SEVERE SWEllING, AND PAIN ExcruciAtiNG bEhiNd LEFt KNEE, SWEllING AND BRuiSING AND DIS- LOCATED Rib to lEFt SIDE

Inmate Name: Adrian Perez

DC# Y51373     Race/Sex H/M

Date of Birth 06-22-1990

Institution M.C.I

Distribution: Original—Nursing Supervisor
Pink—Inmate (**special housing only-otherwise**
destroy copy)
This form is not to be amended, revised, or altered without approval by the Office Health Services-Administration

Ex. B

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: 3/7/21     Time: _____

Principal   * holder in due course
Inmate-Name: Perez, Adrian    DC#: Y51373

Housing assignment: _____

Job assignment: N.A.

Problem:

☐ Pass/pass renewal

☐ Medication renewal

☐ Need information (explain): _____

☐ Mental Health   ✱ I certify and verify under penalty of Perjury that the following is True and correct

☐ Dental

☑ Medical (explain): I'm still having severe pain from headaches that are caused by "nightmares and flashbacks". I'm mentally and emotionally severely suffering from the aftermath of Exessive force, and "being denied medical." In my nightmares/Flashbacks I relive the Tramatic exprence, that SGT. S.POOLE warden BRYNER, and Nurse Taegar caused. "ALSO MY LEG and left rib has severe pain and yesterday cellfront A4209 I declared Medical Emergency to Nurse Taegar in the Morning and she told Me to "access

When did problem/symptoms start?

sick call. It's been 24 hours and I haven't recieved treatment." Yet this is widespread abuse because it's the second medical Emergency this week with no treatment Yet. Yesterday I was completly disregarded by Nurse T. This is further violations of my 8th Ammendment right to care!

Inmate Name _Perez, Adrian_
DC# _Y51373_    Race/Sex _Hispanic/Male_
Date of Birth _0622-90_
Institution _M.C.I_

Distribution: Original—Nursing Supervisor
Pink—Inmate (**special housing only**-otherwise destroy copy)

This form is not to be amended, revised, or altered without approval by the Office Health Services-Administration

Executed on 3/7/21
A. Perez Allrights Reserved

DC4-698A (Revised 6/11/08)    Incorporated by Reference in Rule 33-402.101, F.A.C.

EX. B

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
# INMATE SICK-CALL REQUEST

Date: 7/11/21      Time: _____

Inmate Name: Adrian Perez    DC#: Y51373

Housing assignment: G3202    Job assignment: Student

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.) ☐Yes ☑No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.) ☐Yes ☑No
If so, why: _____

Problem:

☐   Pass/pass renewal

☐   Medication renewal

☐   Need information (explain): _____

☐   Problem with ADA/Disability equipment or supplies (explain the problem): _____

☐   Mental Health   I certify under Penalty of Perjury that
the following is true, correct, of my own Knowledge, and w...
☐   Dental   and Executed on this 7/11/21 date. A 1:3 Allrights Re...

☑   Medical (explain): I have severe leg pain on left
leg 8 on Scale 1-10, at times unable to fully
bear weight, I have a permenant Imp.

When did problem/symptoms start? _____

---

| To be completed by Triage Nurse: |
| Triaged by: (Print name and licensure) _____ on (Date) _____ |
| Assigned Triage Level: ☐ Routine ☐ Urgent ☑ Emergent |
| Date patient assessed by nurse: _____ Signature/Stamp of Nurse Completing Sick Call: |

Inmate Name Adrian Perez
DC# Y51373    Race/Sex H/M   7/11/21
Date of Birth 06-22-90
Institution Suwannee

Distribution: Original—Nursing Supervisor
Pink—Inmate (special housing only-otherwise destroy copy)
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

Ex. B

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES

# INMATE SICK-CALL REQUEST

Date: 9/15/21                    Time: _____

Inmate Name: Adrian Perez          DC#: Y51373

Housing assignment: G3113          Job assignment: NA.

Do you need an interpreter for your Sick Call visit? (Sign language, Spanish, etc.)  ☐ Yes  ☒ No
If so, what type: _____

Did you require assistance completing this form? (Blind, Quadriplegic, etc.)  ☐ Yes  ☒ No
If so, why: _____

Problem:

☐ Pass/pass renewal     ✱ I certify under Penalty of

☒ Medication renewal    Perjury that the following is true

☐ Need information (explain): and correct on one of my own will and Personal

☐ Problem with ADA/Disability equipment or supplies (explain the problem): Knowledge on the 5 9/15/21 September r, the one thousand twenty one

☐ Mental Health

☐ Dental

☒ Medical (explain): Need a renewal for IB Profin 600mg
and Baby Asprin Because of the Severe pain
9/12 today (lower left extremities on leg) tender
to touch. Cant fully Bear weight on Exacerbated
Medical Condition
When did problem/symptoms start? _____

---

**TO BE COMPLETED BY TRIAGE NURSE:**
Date/Time received: _____
Triaged by: (Print name and licensure) _____ on (Date/Time) _____
Assigned Triage Level:  ☐ Routine   ☐ Urgent   ☒ Emergent
Date patient assessed by nurse: _____ Signature/Stamp of Nurse Completing Sick Call: _____

---

Inmate Name _____
DC# _____ Race/Sex _____
Date of Birth _____
Institution _____

Distribution:   Original – File on R side of outpatient record in date order
Pink – Inmate (**special housing only – otherwise destroy**)

This form is not to be amended, revised, or altered without approval of the
Chief of Health Services Administration.

DC4-698A (Effective 05/21)     (Revised 6/21)     Incorporated by Reference in Rule 33-402.101, F.A.C.

EX.B
⑦

EX-C-1

# AFFIDAVIT OF FACT

03-7-21

I ___JAIME CHEAAULT___ depose VERIFYING

UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE
AND CORRECT; DONE OF MY OWN FREE WILL AND PERSONAL
KNOWLEDGE.
       YESTERDAY MORNING I OBSERVED
CELL FRONT A4206 NURSE TEAGER DO HER MORNING
ROUNDS TO PICK UP SICKCALLS AND MR. PEREZ,
ADRIAN WAS CELL FRONT 4209 TELLING MS. TAEGER
THAT HE IS UNDER SEVERE PAIN AND INFORMED
NURSE TAEGER THAT HE HAS A MEDICAL
EMERGENCY. I OBSERVED HER SAY NOTHING,
AND "IGNORE" MR. PEREZ NEED FOR IMMEDIATE
MEDICAL ATTENTION OR TREATMENT FOR
SEVERE SWELLING THAT MR. PEREZ HAS WHICH
HE SHOWED ME. THIS IS COMMON WIDESPREAD ABUSE
HERE.       YESTERDAY EVENING WHEN NURSE
TAEGER AGAIN DID HER ROUNDS PASSING OUT
MEDICATION MR. PEREZ WAS CELL FRONT A4209
AND I WAS CELL FRONT A4206 OBSERVING MR.
PEREZ PLEA FOR MEDICAL EMERGENCY AND HIS
STATEMENT OF HAVING SEVERE PAIN. NURSE
TAEGER DELIBERATELY REFUSED AND IGORED
MR. PEREZ.
           *EXECUTED MARCH 7TH 2021. A.A

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

SERIOUS MEDICAL grievance

RECEIVED
MAR 19 2021
Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Perez, Adrian _____    V51373    Martin Correctional Inst.
Last      First    Middle Initial      DC Number      Institution

Surname, given name

| Part A – Inmate Grievance | Q1-6-08643 |

I feel that I may be adversely affected by the submission of a grievance at the Institutional level because I've been threatened and I've recieved Two false D.R.'s that I didn't Know how to appeal because of "Based on officer Statement" and because the individual I am grieving is Also A Defendant (Nurse TAEGER) in a active lawsuit that I am pursuing for Her and other's violating my 8th Constitutional right to Medical care and otherwise. It's Also Pursuant to F.A.C. Ch. 33-103 since it's a sensitive Medical grievance. I perez, adrian a Natural man not a corporation plea that the Secretary of FDC hear me out. Statement of Facts: 1) I swear and Verify under penalty of perjury that the Foregoing and following is true and correct. 2) on March 6th, 2021 the Morning when Nurse Taeger did her rounds in quarentine Dorm A-4209 I was cellfront this cell Informing Nurse Taeger of Severe pain I had on my left leg which was Swollen like never before but also because I feel I may be sick due to a dry cough, high blood Preasure, and my body ache ing all over, this Severe physical and mental pain and Severe headaches was ignored. When I declared medical Emergency she walked away. 3) on March 7th, 2021 Nurse Taeger again did her rounds in quarentine wing 4 in A dorm and I was having another Severe headache and my left Rib and leg was severly in pain YET when I informed Nurse Taeger of this pain in which she ignored and Declared Medical Emergency I was deliberately ignored. She gave me my psyche meds and walked away!

Executed on March 7th 2021                    Y51373 All Rights Reserved
                                              T.D.C  SIGNATURE OF GRIEVANT AND D.C. #

All Rights Reserved
DATE

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____  /  _____
  #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below):

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Institution

Receipt for Appeals Being Forwarded to Central Office

NF (430)

Submitted by the inmate on:  MAR 0 8 2021    Institutional Mailing Log #:  Q1-03-20    11 Oc Nurse
                                  (Date)                                              Received By

Taegar

DISTRIBUTION:    INSTITUTION/FACILITY              CENTRAL OFFICE
                 INMATE (2 Copies)                 INMATE
                 INMATE'S FILE                      INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE       CENTRAL OFFICE INMATE FILE
                                                    CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)        Incorporated by Reference in Rule 33-103.006, F.A.C.



* Nurse Taeger grievence returned w/o action

- Addressed as Sensitive Nature / Emergency grievence giving reason why and still denied (
- did give times and dates, for fear of retaliation it went to secretary and Because I'm already in the courts I addressed it to S.F.D.O.C
- Pursuant to F.A.C Emergency Medical grievences can go to Secretary of F.D.O.C which is "another" reason why besides the one listed above ~~..~~ I sent it to F.D.O.C secretary.

D2111L

EX. D-I cant.

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

On that Morning mentioned she didn't even do a temperature
Check and cameras will Show that between March 1st
2021 - March 7th 2021 and maybe even before that
Taegar has not been doing temperature Checks
like she suppose to and this has caused me further severe
Pain

**III.   Relief**

State briefly exactly what you want the court do to do for you. Make no legal arguments. Cite
no cases or statutes.

Wherefore I seek 25,000 in punitive damages
Just on Nurse Taegar alone for this
Common Wide Spread abuse and Call the
Cameras as witness to my 8th constitution Violation
* I verify under penalty of
PerJury that All of this is true and Correct

*EXECUTED on this
DAY March 7th 2021
A [signature] All Rights Reserved

**IV.   Jury Demand**

Do you demand a jury trial?  ☒ Yes   ☐ No

✳ Nurse Taeger grievence returned w/o action.

- → Addressed as sensitive Nature / Emergency grievence giving reason why and still denied (

- → did give times and dates, for fear of retaliation it went to
  Secretary
  and Because I'm already in the courts I addressed it
  to S.D.O.C

- → Pursuant to F.A.C Emergency Medical grievences can
  go to Secretary of F.D.O.C which is "another" reason why besides
  the one listed above why I sent it to F.D.O.C secretary.



FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Ex. D-2

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Perez, Adrian                     Y51373           Martin Correctional
Last    First    Middle Initial    DC Number         Institution

MEDICAL Emergency Grievence

Part A – Inmate Grievance                21-6-09369

pursuant to F.A.C Ch.33-103 and due to the fact that I have been retaliated against with 3 false D.R. for being a "writ writter" and for suing officers here at Martin I cannot therefore submit this at an institutional Level due to it's sensitive content. I verify under penalty of perjury that the following and foregoing is true and correct and done of my own Free will:

This is the second grievance that I submit stipulating the same facts and failure to respond will be admittance to the following facts: 1) On March 8th 2021 I declared a medical emergency cellfront A4209 for severe physical pain due to Severe headaches, Severe Pain and swelling on left lower Rib and also same behind lower left leg behind knee in front of Nurse Taegan Cellfront A4209 around 9-11Am when she did "her morning" rounds and around 3:30-4:00pm "as well" when she did her pm medication rounds. When she gave me my psyche medication I told her my issues that I have Severe pain and declared medical emergency and She completly ignored me and said nothing cellfront A4209. I therefore submitted a sickcall of which I wasn't seen until several days later. I was only seen for my leg yet the treatment was inadequate because nothing has yet to be done about my misplaced left rib and I suffered unessesary severe infliction of pain. This is why I'm currently "S.H.O.S" watch because of my Severe Emotional and mental and physical pain. I don't feel safe. I feel like my life is in Danger like no one cares because of being Denied/Delayed Medical.

3/21/21 Executed on this day                    A.P. Y51373
DATE                                  SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____ / _____
                                                                        #        Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Institution                    Receipt for Appeals Being Forwarded to Central Office

MAR 2 2 2021                                              13h    430

Submitted by the inmate on: _____        Institutional Mailing Log #: 21-03-39
                 (Date)                                                    (Received By)

Grievance Office

DISTRIBUTION:    INSTITUTION/FACILITY        CENTRAL OFFICE
                 INMATE (2 Copies)            INMATE
                 INMATE'S FILE                INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)            Incorporated by Reference in Rule 33-103.006, F.A.C.

Grievence About Misplaced rib
and Declare Medical Emergency yet Denied
bY Taegar (certified)



EX. 12

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

430-2012-0183   Informal Grievence

Mail Number: _____
Team Number: 2
Institution: M.C.I

| TO: (Check One) | ☐ Warden ☒ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Adrian perez | V51373 | C4107 | House Man | 12/12/20 |

**REQUEST** I certify and depose   Check here if this is an informal grievance ☒

the following as true and correct executed today
upon arrival to dormitory C-dorm on the 24th of November, 20
after chow I asked officer Mosely .D for a I P Profin
for my severe pain in my left leg and headaches yet She
told me "NO" I asked her for a Psyche Emergency
to talk to Someone about my flash backs which
cause the headaches. She told me " your the one.
who likes to sue and write officers up, well Bryner
told me to ~~take~~ care of you" and I have a trick
for you.
She denied me mental Health (Medical care) Causing me Severe
head Pain, Humiliation, and further mental/Emotional Pain .

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): T.D.C | DC#: y51373 |
|---|---|

All rights reserved

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE** Security   **DATE RECEIVED:** 12/22/2020

Your grievance has been recieved, reviewed and the following determined. You are in noncompliance with Chapter 33-103, Inmate Grievance Procedure, as you have filed this grievance in ecxess to 20 days from the time the event being grieved occurred. At this time, your grievance is being returned without futher action.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is Returned _____. (Returned, Denied, or Approved). If your Informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): Lt. J. Gomez | Official (Signature): Lt J. Gomez | Date: 12/23/2020 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DCI-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

```
01/14/2021              FLORIDA DEPARTMENT OF CORRECTIONS              PAGE:  1
MINO101                    MINS INCIDENT REPORT                     TIME 12:01


PREPARED BY: DIMGAS3 STOKES, ASHLEY        INCIDENT NUMBER: 0000972889
INCIDENT TYPE: 10A PHYSICAL ABUSE          STATUS OF INCIDENT: REF. TO MG
REPORT DATE:   01/09/2020                  REPORT TIME:   07:04
INCIDENT DATE: 12/04/2019                  INCIDENT TIME: UNK
REPORTING FACILITY: 000 CENTRAL OFFICE     INCIDENT REGION: 4
INCIDENT FACILITY : 430 MARTIN C.I.        INCIDENT IG OFFICE: 10
INCIDENT LOCATION: 03 COMPOUND             DAY CODE: 9     SHIFT CODE: 9
DATE REPORTED TO MANAGEMENT: 01/09/2020    W-B REVIEW BY: MCW
IG NUMBER:                                 UOF NUMBER:
DATE ASSIGNED: 01/10/2020
INJURIES: ▓        STG/STI INVOLVEMENT: N  PHYSICAL EVIDENCE RECOVERED: N
USE OF FORCE: N    WEAPONS USED: N         INCIDENT VIDEO TAPED: N
ELECTRONIC RESTRAINING DEVICES: N          CHEMICAL AGENTS USED: N
EVIDENCE LOC: N/A                          SEND TO IG OFFICE: Y


        NAME             TITLE        BIRTHDATE  R S   ID NUMBER
------------------- ---------------------- ---------- - - ----------------
SUBJECT (S)
  POOLE, STEVEN A.   CORRECTIONAL OFFICER SE 09/13/1979 1 1 81592
VICTIMS (S)
  PEREZ, ADRIAN  .   ACTIVE INMATE           06/22/1990 1 1 Y51373


CONTRABAND RECOVERED      TYPE    POSSESS   QUANTITY    UNIT MSR
------------------------- ------  -------   ----------  --------


DESCRIPTION OF INCIDENT:
     INMATE PEREZ, ADRIAN DC#Y51373 FILED A GRIEVANCE APPEAL
     20-6-01185 ALLEGING THAT ON 12/4/19 SGT. POOL TOOK HIM TO
     PRE- CONFINEMENT MEDICAL FOR A DR ON POSSESSION OF CELL
     PHONE AND ON THE WAY  CALLED HIM A PUSSY THEN SAID "YOU WANT
     TO TAKE A CELL PHONE CHARGE HUH TOUGH GUY; YOUR A PUSSY
     BOY", THEN HE REPLIED  NO; YOU'RE THE PUSSY. INMATE PEREZ
     ALLEGES SGT. POOLE SAID "LETS SEE HOW TOUGH YOU ARE THEN
     WETBACK" AND HE SLAMMED HIM ON THE GROUND AND STOMPED HIM ON
     HIS LEFT LEG BEHIND THE KNEE AND HIS LOWER BACK BEFORE HE
     LIFTED HIM UP HE PUNCHED HIM IN HIS RIBS ON HIS LEFT SIDE
     AND TOLD HIM THAT HE WOULD MAKE SURE HE GETS 60 DAYS AND IF
     HE OPENS HIS MOUTH ABOUT WHAT HAPPENED THAT HE WILL MAKE
     SURE HE GETS STABBED BY INMATES.


OIG ACTION:
     *** AFTER INITIAL REVIEW BY THE OFFICE OF THE INSPECTOR
     GENERMANAGEMENT FOR HANDLING. SHOULD DURING YOUR REVIEW YOU
     FIND THAT A RULE, PROCEDURE OR LAW REFERRED WAS VIOLATED,
     PLEASE ENTER A SEPARATE REPORT IN THE MANAGEMENT INFORMATION
     NOTES SYSTEM (MINS).  PLEASE DOCUMENT IN THE ACTION TAKEN
```

EXHIBIT
H

```
01/14/2021              FLORIDA DEPARTMENT OF CORRECTIONS          PAGE:  2
MIN0101                    MINS INCIDENT REPORT                    TIME 12:01
      SECTION OF THIS MINS ALL ACTIONS TAKEN, IF WARRANTED,
      INCLUDE INTERVIEW WITH INMATE, MEDICAL EXAMINATION OF THE
      INMATE, LISTING ALL VIDEO REVIEWS AND EVIDENCE AVAILABLE AND
      RELATE TO THE PREVIOUS MINS REPORT ENTERED. / MCW / LD ***
```

Adrian Perez D.C.#Y51373
Suwannee Correctional Institution
5964 US highway 90
LiveOak, FL 32060




U.S.M.S.
INSPECTED
BY:

UNITED STATES DISTRICT
COURT OF FLORIDA
Office of the [Clerk] trustee - Room 8N09
400 NORTH MIAMI AVENUE
Miami, florida [33128 - 7716]

